STATE, Respondent, v. SCHMIDT, Appellant.

(173 N. W. 838.)

·(File No. 4569.    Opinion filed. August 15, 1919.    Rehearing denied October 31, 1919.)

1.   Elections—Sheriff, Ouster of for Non-citizenship—Complaint Alleging Defendant Non-citizen and Non-elector, Attack, Whether by Demurrer or Answer—Merits on Appeal.

Where, in a suit to oust defendant from the office of sheriff, · complaint alleges that defendant was not a citizen of the United States nor an elector within his county, and that he was a person of foreign birth and not naturalized, and was born in and is a subject of the Russian Empire, held, that while trial court properly ruled that matters presented by defendant in support of his demurrer to complaint, to-wit, the invalidity of Const., Art. 7, Sec. 1, as amended at the last general election under submission to voters of state by joint resolution, etc., should have been presented by answer; yet, both parties having presented the case on merits in Supreme Court, and determination of the merits will amount to final ·disposition of case, Court will dispose of it on merits.

2.   Legislative—Amendment, Joint Resolution Submitting, Title to, "Repeal," for "Relating," as Clerical Error, Materiality of—Enrolled Bill as Conclusive of Enactment.

The fact that the title to a joint resolution submitting to vote of the people a proposed constitutional amendment, recites that it is a resolution "Repealing the Right of Suffrage," etc., is not fatal to the validity of the vote taken pursuant to the resolution, since the word "repeal" was obviously a clerical or typographical error, the word "repealing" as there used being utterly meaningless, it being apparent, that the word "relating" was intended to be used, and no one. could be mislead by use of the wrong word.   Held, further, that, while said error appeared in the title when introduced in the Senate, and was not changed during the various proceedings including vote on final passage in each House, and shows in printed journal, yet, as the enrolled bill shows erasure of word "repeal" and substitution therefor of the word "relating," the enrolled bill as so changed and signed by presiding officer of each House of the

Legislature, approved by the governor and filed with secretary of state, is conclusive as to contents of the enactment.

3. **Legislative—Joint Resolution Submitting Constitutional Amendment, Signing of Same on Back, Not on Face, Whether Material.**

The fact that a joint resolution submitting to vote of people a proposed constitutional amendment, was signed by the presiding officers of the respective Houses of the Legislature, by endorsement on back thereof, and not upon its face, is immaterial to its validity; it being immaterial where any signature appears upon an instrument, so long as it was placed there by the party assuming the obligation and with intent to execute same; especially in that it is a matter of public record in this state that said manner of signing the resolution is that adopted at the beginning of statehood and has been followed ever since; and such signing is in compliance with Const., Art. 3, Sec. 19, providing for signing of bills and joint resolutions.

Appeal from Circuit Court, Hutchinson County. Hon. Robert B. Tripp, Judge.

Action by the State of South Dakota on the relation of J. C. Graber, State's Attorney, against Karl Schmidt, to oust defendant from the office of sheriff of Hutchinson County. From an order overruling a demurrer to the complaint, defendant appeals. Order affirmed, and case remanded with directions.

*Kirby, Kirby & Kirby,* for Appellant.

*J. C. Graber,* State's Attorney, and *Wicks & Quinn,* for Respondent.

(2) To point two of the opinion, Appellant cited: Wade v. State, (Tex.) 2 S. W. 594.

Respondent cited, re enrolled bill: Court in State ex rel. Adams v. Herreid, 10 S. D. 109.

Re signing of bill, cited: Adams v. Field, 21 Vt. 254; Drury v. Young, 58 Md. 546, 42 Am. Rep. 343; Anderson v. Harold, 10 Ohio 399; Narregang v. Brown County, 14 S. D. 357; State ex rel Lavin et al, v. Bacon, 14 S. D. 409.

POLLEY, J. This action was commenced by the plaintiff, in his official capacity as state's attorney of Hutchinson county, for the purpose of ousting the defendant from the office of sheriff of that county. The complaint alleges that defendant, claiming to have been elected to the office of sheriff at the general election in 1918, did, on the 7th day of January, 1919, attempt to qualify for said office by filing his oath and bond; and entered

upon the duties, and ever since has been performing the duties of said office. The complaint further alleges:

"That the said defendant is not, in any manner, entitled to said office, and that he is not competent to qualify for or hold the same, nor to officiate therein, for the reason that he is not, and was not on said 7th day of January, 1919, a citizen of the United States, nor an elector within said county and state, and that he is a person of foreign birth who has not become a naturalized citizen of the United States; that he was born in the empire of Russia and is, and always has been, a subject of the Russian government."

To this complaint the defendant interposed a general demurrer. The demurrer was overruled by the trial court, and defendant appeals.

[1] It was urged by respondent in the trial court, and that court held, that the matters presented by appellant in support of his demurrer must be presented by answer, and not by demurrer. We believe this position is well taken, for if the defendant is a person of foreign birth who has never been naturalized, and who is a subject of the Russian government—and the demurrer admits this to be a fact—then he is not a qualified elector of Hutchinson county, nor is he qualified to hold the office of sheriff of that county; and the demurrer was properly overruled. But both parties have presented the case on the merits in this court; and as a determination of the merits will amount to a final disposition of the case, we have decided to dispose of it in that way.

In support of his demurrer, appellant urges the invalidity of section 1 of article 7 of our constitution, as amended at the last general election. This amendment was submitted to the voters of the state by a joint resolution, adopted by the Legislature at the special session held in March, 1918 (chapter 31, Laws Sp. Sess. 1918).

It is first claimed by appellant that said amendment— "was never proposed by either house of the Legislature, was never entered on the journal of either House or Senate, and therefore not properly before the electors as a constitutional amendment."

This contention is based upon the language that was used in the title to the joint resolution as it was originally introduced in

the Senate. The title, as it originally appeared, reads as follows:

"A joint resolution amending Senate Joint Resolution No. 4, chapter 159 of the Session Laws of the state of South Dakota for 1917 and proposing and agreeing to an amendment of section 1 of article 7 of the Constitution of the state of South Dakota, repealing to the right of suffrage and submitting the same to a vote of the people."

This wording was not changed in any manner during the various proceedings, including the vote on its final passage in each house, and it so appears at present in the printed journals of the House and Senate. But, when the resolution finally went to the committee on engrossed and enrolled bills, that committee struck out the word "repealing," where it appeared in the title to the joint resolution, and inserted in place thereof the word "relating," and, as so changed, the bill was signed by the presiding officer of each house of the Legislature, approved by the Governor, and filed in the office of the secretary of state.

[2, 3] We do not feel that this contention merits serious consideration. It is too apparent to admit of argument that the use of the word "repealing," where it appears in the title to the joint resolution, was a clerical or typographical error. The word "repealing," as it was there used, is utterly meaningless; while, on the other hand, it is so apparent that the word "relating" was intended to be used that no one could have been misled by the use of the word "repealing," or have had any doubt about the word that was intended to be used. It is our opinion, and we so hold, that the joint resolution that was submitted to, and voted upon by, the people at the general election in 1918 was, in all material respects, the same as the resolution that was introduced in, and passed by, the Legislature. But this question has already been settled by this court. In Narregang v. Brown County, 14 S. D. 357, 85 N. W. 602, it was held that—

The "act of the Legislature, as enrolled and certified to by the respective officers and approved by the Governor, is conclusive upon the courts, and that it is not competent for the courts to consider any matter found in the journals tending to impeach the validity of the act."

This is the rule followed in California. Sherman v. Story, 30 Cal. 253, 89 Am. Dec. 93. True, these cases were decided

prior to the enactment of chapter 167, Laws of 1909, but the question was again before this court in Krakowski v. Waskey, 33 S. D. 335, 145 N. W. 566, and after considering the provisions of chapter 167, Laws of 1909, we said:

"For the purposes of the present case we therefore are compelled to hold that chapter 167 of the Laws of 1909 cannot apply to the present inquiry, notwithstanding its provisions. We are compelled to hold that the enrolled bill, as filed in the office of the secretary of state, is conclusive upon us as to the contents of the legislative enactment. * * *"

[5] We still adhere to this rule, and this also disposes of the amendment striking out of the joint resolution the provisions that the amendment, if adopted, should not go into effect until the 1st day of January, 1922.

[6] Lastly, it is contended by appellant that the resolution was not signed in the manner required by the Constitution by the presiding officers of the respective houses of the Legislature. It appears from the journal of the House that the speaker publicly read the title to the resolution and signed the same in the presence of the House; and in the journal of the Senate is an entry to the effect that the president of the Senate publicly read the title and signed the resolution in the presence of the Senate. These signatures, however, are indorsed on the back of the resolution and not upon its face, and this, appellant claims, does not comply with the provisions of the Constitution in this respect. Our attention has not been directed to any litigated case where this precise point has been passed upon, but it appears to have been generally held to be immaterial where a signature appears upon a written instrument, so long as it was placed there by the party assuming the obligation and with the intent to execute the same. Adams v. Field, 21 Vt. 256; Lawson v. Dawson's Estate, 21 Tex. Civ. App. 361, 53 S. W. 64; Anderson v. Harold, 10 Ohio, 400. It is a matter of public record in this state that the manner in which the resolution involved in this case was signed by the presiding officers of the House and Senate is the manner that was adopted by those officers at the beginning of statehood, and has been followed by them ever since; and we hold that such a signing of a bill or resolution is a compliance with the provisions of the Constitution in that respect. To hold otherwise would be to

hold that no valid law had ever been passed by the Legislature of this state.

The order appealed from is affirmed, and the case is remanded to the trial court, with directions to enter judgment as prayed for in the complaint.