IN RE OPINION OF THE JUDGES

(166 N.W.2d 427)

(File No. 10697. Opinion filed March 21, 1969)

TO HIS EXCELLENCY, FRANK L. FARRAR, THE GOVERNOR OF THE STATE OF SOUTH DAKOTA:

SIR:

We have the honor to acknowledge receipt of your communication of March 19, 1969, stating that there has been presented to you for signature Senate Bill 194,

> "An Act ENTITLED, An Act to amend that part of SDC 1960 Supp. 28.0202 being SDCL 1967 31-2-2 relating to the composition of the state highway commission and providing for appointment of state highway commissioners by the governor with advice and consent of the senate."

Attached to your communication is a photographically reproduced copy of the Bill as presented to you. It shows among other things that the Bill has been signed by the President and the Secretary of the Senate, but does not contain the signature of either the Speaker or the Chief Clerk of the House. Your communication further states, as the House Journal shows at page 1114, that the action of the Speaker in refusing to sign Senate Bill 194 was sustained. One of the questions which you present and on which you request our opinion is whether Senate Bill 194 may become law without the signature of the presiding officer of the House of Representatives.

Article V, § 13 of the Constitution of the State of South Dakota provides that the Governor shall have authority to require the opinions of the Judges of the Supreme Court upon important questions of law involved in the exercise of his executive powers, and for the reason that this Bill has been presented to you for your consideration and approval or disapproval it does involve the exercise of your executive powers, and we therefore deem it proper to answer your inquiry.

Article III, § 19 of our Constitution reads:

"The presiding officer of each house shall, in the presence of the house over which he presides, sign all bills and joint resolutions passed by the legislature, after their titles have been publicly read immediately before signing, and the fact of signing shall be entered upon the journal."

As a general proposition it appears there is a conflict of judicial opinion as to whether a constitutional provision requiring bills to be signed by the presiding officers of each house of the legislature is mandatory or directory. 50 Am.Jur., Statutes, § 92, 82 C.J.S. Statutes § 61. The constitutional provisions vary and the opinions of several courts thereon are referred to in Kavanaugh v. Chandler, 225 Ky. 182, 72 S.W.2d 1003, 95 A.L.R. 273. As a general rule the courts have held that constitutional provisions requiring the signing of bills by such officers are mandatory. 95 A.L.R. 279. Under an Iowa constitutional provision that "Every bill having passed both Houses, shall be signed by the Speaker and President of their respective Houses", the court in State ex rel. Hammond v. Lynch, 169 Iowa 148, 151 N.W. 81, L.R.A.1915D, 119, concluded the signature of the Speaker was essential to the validity of an enrolled bill. It said courts holding that resort may not be had to other than enrolled bills to ascertain their enactment were unanimous in deciding that the signature of the presiding officer of each house was essential as proof of their passage and that omission of either was fatal to the bill and that the greater number of those deciding that journals of the respective houses may be resorted to for the purpose of ascertaining whether constitutional requirements as to the manner of passing a bill entertain the same view and declare the omission of the signature of either presiding officer from the enrolled bill fatal. The purpose of a rule requiring the signatures of the presiding officers of a legislature preparatory to its becoming a law is said to provide a safe and convenient method of signifying to the Governor what bills are ready for his approval or rejection. 50 Am.Jur., Statutes, § 91, 82 C.J.S. Statutes § 61.

This court has several times had before it, statutes challenged under claims they have been passed in violation of mandatory provisions of the Constitution. In Narregang v. Brown County, 1901, 14 S.D. 357, 85 N.W. 602, the court held when an act or bill of the legislature is duly authenticated by the presiding officers of the two houses, approved by the Governor and filed with the Secretary of State, it may not be impeached by entries in the journals. In State ex rel. Lavin v. Bacon, 14 S.D. 394, 85 N.W. 605, it was urged the Senate Journal did not state the signing by the President of the Senate, but the court followed Narregang by holding a bill so enrolled, signed and filed was likewise conclusive. Krakowski v. Waskey, 1914, 33 S.D. 335, 145 N.W. 566 and State ex rel. Grober v. Schmidt, 42 S.D. 267, 173 N.W. 838, followed in agreement with that rule.

The court in Barnsdall Refining Corp. v. Welsh, 1936, 64 S.D. 647, 269 N.W. 853, again had before it the question whether an enrolled bill duly authenticated, approved by the Governor and filed with the proper officer may be impeached by the legislative journal for the reason that journal showed the bill had not received a constitutional majority of the members elect and the Constitution required the yeas and nays be entered in the journal. The court after citing and discussing its earlier opinions and those of other states concluded the clear trend of decisions supported the view the bill may be so impeached to ascertain if proceedings required by the Constitution to be shown in the journals indicated compliance with other applicable constitutional provisions. The opinion in six paragraphs lists proceedings required by the Constitution to be shown in the journals, one of which is Article III, § 18, the requirement of showing the yeas and nays on final passage of a bill. The court held the bill was a special appropriation act which by further constitutional provision, Article XII, § 2, required a two-thirds majority for passage. The journals there showing the bill had not received that majority required by the Constitution, the court held it had not become a valid law.

■■ One of these six mentioned paragraphs contains Article III, § 19 heretofore quoted which declares the presiding officer

"shall * * * sign all bills * * passed by the legislature". While the Barnsdall decision only applied to the lack of the two-thirds majority required by § 2 of Article XII, in the opinion it is written:

> "The entry of the yea and nay vote is clearly manda-
> tory, and the Constitution makes no distinction between
> the weight to be given to such entry and the require-
> ment that all bills passed shall be signed by the pre-
> siding officer of each House and the entry of such fact
> in the journal."

From this we may conclude the other proceedings constitutionally required to be entered in the journals as set out in the Barns-dall opinion are in that category and may likewise be shown by the journals to be lacking in some constitutional requisite. We believe the signing of bills provided for in Article III, § 19 is a mandatory requirement before a bill may be deemed passed by the legislature and presented to you as provided in Article IV, § 9. Senate Bill 194 on its face shows the bill was not signed by the Speaker of the House, and an examination of the House Journal, as permitted by the Barnsdall decision, confirms that fact.

In our opinion § 19 of Article III requires the signatures of the presiding officers of both houses to be affixed to the bill and that the absence of such signatures is fatal to the bill. This con-clusion makes it unnecessary to answer the other question pro-pounded.

Respectfully submitted,

E. D. ROBERTS
ALEX RENTTO
CHARLES S. HANSON
FRANK BIEGELMEIER
FRED J. HOMEYER

Judges of the Supreme Court
of South Dakota