PATRICK MURRY V. ELIZA HENNESSEY ET AL.

FILED MAY 20, 1896. No. 6598.

1. **Wills:** INTEREST OF CONTESTANTS: EVIDENCE. *Held,* That the evidence shows the contestants possessed such an interest as entitled them to resist the allowance of the instrument offered for probate as the last will and testament of the testatrix.

2. ———: TESTAMENTARY CAPACITY: BURDEN OF PROOF. The burden of proof is upon the proponent of a will to establish the execution of the will and the testamentary capacity of the testatrix. *Seebrock v. Fedawa,* 30 Neb., 424, followed.

3. ———: ———: EVIDENCE. *Held,* Upon conflicting evidence, that the jury was justified in finding that the testatrix did not possess sufficient mental capacity to make a valid will.

4. ———: EXECUTION. Under section 127, chapter 23, Compiled Statutes, a will, other than a nuncupative, to be valid must, in addition to other statutory requirements, be signed by the testator, or by some person in his presence and by his express direction.

5. ———: ———. Mere knowledge of the testator that his name is being signed by another, or that the signing was acquiesced in or assented to by the testator, does not meet the requirements of the statute.

6. **Trial:** REJECTION OF TESTIMONY: REVIEW. The rulings sustaining an objection made to the competency of testimony sought to be elicited by a question propounded by the complaining party's own

witness cannot be reviewed unless an offer to prove the facts sought to be introduced is made in the trial court and preserved by a bill of exceptions.

ERROR from the district court of Platte county. Tried below before SULLIVAN, J.

C. J. Garlow, W. W. Slabaugh, and W. A. Hampton, for plaintiff in error.

Albert & Reeder, John S. Robinson, and W. E. Reed, contra.

NORVAL, J.

On the 3d day of January, 1892, Bridget Murry, then about sixty-five years of age, died without issue, leaving her surviving, Patrick Murry, her husband, and four children and heirs at law of a deceased brother of the said Bridget Murry. Patrick Murry, subsequently, offered to the county court of Platte county for probate an instrument bearing date November 19, 1891, and purporting to be the last will and testament of Bridget Murry, and by the terms of which all her property, real and personal, was devised to the husband. The children of the deceased brother of Bridget Murry contested the probating of the will on two grounds: First, that it was not signed by Bridget Murry, or by any person by her express direction; second, that she did not at the time possess testamentary capacity to dispose of her property. From an order of the county court finding that the will was the last will of the testatrix, and admitting the same to probate, the contestants appealed to the district court, where the issues were tried to a jury, who returned a verdict "that the instrument, 'Exhibit A,' purporting to be the last will and testament of Bridget Murry, deceased, is not her last will and testament." Proponent's motion for a new trial was overruled, and a judgment was entered denying the probate of the will. He brings the record to this court for review by proceedings in error.

43

Contestants insist that no exception was taken to the denying of the motion for a new trial. In this they are not sustained by the record, because the journal entry of the trial court shows a proper exception to the order over-ruling the motion was taken and entered.

The first objection of the proponent is that the con-testants failed to show that any property belonging to the testatrix was disposed of by the instrument offered as a will, and if the devise was declared invalid they would have some interest in the property. The instru-ment in question in express terms purports to give all the property of the testatrix, both real and personal, to the proponent. It is disclosed by the testimony that she was the owner of a farm of 160 acres in Platte county, and that the contestants are the children of a deceased brother of Mrs. Murry, and her only "near relatives liv-ing, except cousins." A sufficient interest is shown by this record to give the contestants a standing in court to protest against admitting said instrument to probate.

The second argument of proponent is that the verdict is not supported by the evidence. The evidence relating to the mental capacity of Mrs. Murry at the time of the alleged execution of the will is of the most conflicting character. The testimony of those who were examined on behalf of the proponent, including George A. Scott and Henry Hockenberger, the attesting witnesses to the will, tends to establish the testatrix's capacity to make a valid will; while about the same number of persons, some of whom were physicians, gave testimony, to the effect, that Mrs. Murry was mentally disqualified at the time from understanding the nature and purport of the instrument offered for probate. The character, stand-ing, and intelligence of the witnesses called by the con-testants, as well as the opportunities for judging of her mental condition, were of as high order as that possessed by those who testified for the other side. The burden of proof, under the statute of this state, is upon the propo-nent to establish that the testator possesses sufficient

mental capacity to make a will. This, upon a review of the authorities, was held in *Seebrock v. Fedawa*, 30 Neb., 424. But it is argued that the burden is upon the proponent only until a *prima facie* case is made out, when the burden of proof shifts to the contestants to prove mental incapacity. The contrary was held in the case referred to. In the opinion it is said: "It is the duty of the proponent in the first instance to offer sufficient testimony of the capacity of the testator to make out a *prima facie* case. The contestant will then introduce his proof to show the invalidity of the will; after which the proponent may introduce further testimony to sustain the will, as well as rebutting testimony. During the entire trial the burden of proof remains with the proponent. Unless the sanity of the testator be established by a preponderance of the testimony, the will cannot be admitted to probate and record." It was further decided in that case that this rule obtains on appeal to the district court. Applying the rule as to the burden of proof to the case at bar, the jury were justified in finding the will invalid.

The verdict is right for another reason. It was not established that Bridget Murry executed the instrument, at least in the mode provided by law. Section 127, chapter 23, Compiled Statutes, provides: "No will made within this state, except such nuncupative wills as are mentioned in the following section, shall be effectual to pass any estate, whether real or personal, nor to charge, or in any way affect the same, unless it be in writing, and signed by the testator, or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses," etc. Thus it will be observed that the legislature, in unequivocal language, has made it imperative that a will, other than a nuncupative, when not signed by the testator himself, must, in addition to other requirements, be signed by some person in his presence and by his express direction, or the instrument will be invalid. Mere knowledge of the testator that his name

is being signed by another, or that the signing was acquiesced in, or assented to, by the testator will not be sufficient. The statute exacts more than this. It requires that the signing of a will by another must be done in pursuance of the previously expressed direction of the testator. The statute is meaningless if this is not its scope and purpose. The same construction has been placed upon similar statutes in other states. (*Waite v. Frisbie*, 45 Minn., 361; *Greenough v. Greenough*, 11 Pa. St., 489; *Asay v. Hoover*, 45 Am. Dec. [Pa.], 714; *Grabill v. Barr*, 47 Am. Dec. [Pa.], 420; *Snyder v. Bull*, 17 Pa. St., 60.) In the Minnesota case the testatrix's name was signed by another person without her express direction, and on being requested to make her mark, she placed her hand on that of the one who signed her name, and he made the mark. The court, in construing the statute of that state which declares that a will shall "be signed at the end thereof by the testator, or by some person in his presence, and by his express direction," held that the will was invalid for want of a proper execution. The case at bar is quite analogous to that. The will was prepared by Mr. Hockenberger, at the request and suggestion of Mr. Murry, the beneficiary. The person who drew the will signed Bridget Murry's name thereto, without being directed by her to do so. It is true her mark was made, but the evidence shows that it was made by Mr. Hockenberger, and that Mrs. Murry merely, at his suggestion, touched the pen while the mark was being affixed to the instrument. The signing not being at her express direction, the will was not executed as the law requires, and it is for that reason alone invalid.

Patrick Murry, the husband of the deceased, testified as a witness in his own behalf. During his examination the following questions were asked:

Q. Do you remember of having any conversation with Mrs. Murry on the 19th day of November, 1891 (which was the date of the will)?

A. When I was bringing Doctor Sanders back?

Q. On that day at any time.

A. Yes, sir; yes.

Q. State to the jury what that conversation was.

This question was objected to, "as incompetent, irrelevant, immaterial, and the further reason it seeks to disclose a communication between husband and wife while the marital relations existed, and the further reason that the husband is the sole devisee under the will." Sustained. Exception. Had the objection gone alone to the competency of the witness to testify, then the facts expected to be established by him need not, as counsel for proponent contend, be stated, because the ground urged for this rejection has no relation to the subject-matter of the testimony. Several grounds are stated in the objection as made, and the record does not disclose upon which one the trial judge placed his decision. Evidently it was not because the witness was incompetent to testify, since it appears from the bill of exceptions that five pages of his testimony had been taken before the objection was interposed, and thirteen pages afterwards. One of the objections urged went to the competency, relevancy, and materiality of the testimony of the witness, and no statement of the facts expected to be proved was made, hence we are unable to determine the materiality of the excluded testimony, and no foundation was laid for a review of the ruling. (*Masters v. Marsh*, 19 Neb., 458; *Mathews v. State*, 19 Neb., 330; *Yates v. Kinney*, 25 Neb., 120; *Burns v. City of Fairmont*, 28 Neb., 866.)

Complaint is made that the court erred in permitting Mary Flynn to testify on behalf of the contestants as to certain statements made by Mrs. Murry. No such question is raised by the assignments in the petition in error, and for that reason, under the uniform decisions of this court, it cannot be considered.

It is finally insisted that error was committed in refusing to instruct the jury that the question of fraud and undue influence was eliminated from the case. No request to so charge the jury was tendered by the proponent,

which alone is sufficient answer to this contention. Again, the record does not show that such issue was withdrawn. It is disclosed that the contestants, after they rested their case, with the permission of the court struck out the third paragraph of their objections to the probate of the will, but what issue was raised by this paragraph we are not advised, as the objections to the allowance of the will are not to be found in the transcript before us. No reversible error appearing, the judgment is

AFFIRMED.

POST, C. J., not sitting.