### ARMENDARIZ DE ACOSTA et al. v. CADENA.†

(Court of Civil Appeals of Texas. El Paso. March 12, 1914. On Rehearing, April 16, 1914.)

1. WILLS (§ 111\*)—EXECUTION.

Under Rev. St. 1895, art. 5335, requiring every last will to be in writing, and "signed by the testator or by some other person by his direction and in his presence," and to be attested by two or more credible witnesses, if not holographic, an instrument which was in the form of a certificate of a notary public was not valid as a will, where it was not signed with testator's name by himself or by some one else by his direction, though his name was recited in the body of the instruments.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 267–275; Dec. Dig. § 111.\*]

2. WILLS (§ 260\*)—PROBATE—TIME.

Where proponent was advised of the contents of a will within a month after testator's death, and waived its provisions in favor of a verbal agreement made with other beneficiaries, pursuant to which the estate was administered, proponent being appointed administrator, the fact that the other parties to the agreement refused to carry it out was not an excuse for not applying for probate within four years from testator's death, as required by Rev. St. 1895, art. 1881, so that it will not be probated on application nearly 5½ years after testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 600–606; Dec. Dig. § 260.\*]

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Application for writ of error pending in Supreme Court.

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Probate proceedings by Cecilio Cadena against Filiberta R. de Armendariz de Acosta and others, contestants. From a judgment for proponent, contestants appeal. Reversed and rendered.

F. E. Hunter, Davis & Goggin, and R. B. Redic, all of El Paso, for appellants. F. G. Morris, Sam B. Gillett, and M. W. Stanton, all of El Paso, for appellee.

McKENZIE, J. Appellee, Cecilio Cadena, on February 16, 1910, filed in the county court of El Paso county, Tex., his application to probate as the last will and testament of Juan Armendariz, deceased, a certified copy of an instrument which reads, when translated from the Spanish to the English, omitting unnecessary parts, as follows:

"In the city of Jiminez, at two o'clock less fifteen minutes of the afternoon of the twenty-first day of August of nineteen hundred and four, before me, Attorney Miguel Zubia, a notary public in said city, accompanied by the instrumental witnesses, who were for this act, Messrs. Doctor Manuel Guemes, of legal age, married, originally from Guadalajara, state of Jalisco and a resident in this city, Nicardo Palacios, also of legal age, married, merchant and of this city; Juan Antonio Acosta, of legal age, married, merchant, a resident of this city, and Juan Arreola, married, a private employé, of legal age and also a resident of this city; all known to this notary who authorizes the foregoing and legally able to testify, all of which I hereby certify, personally appeared at Hotel Jardin of this city, Don Juan Armendariz, who said he was a resident of Socorro, Texas, United States of the North; and who also said he was of sixty years of age, married, merchant and rancher and a transient in this city and deposed: That being sick, but in possession of perfect understanding, as also was the statement of the witnesses and the present notary certifies, he expressed his desire of making his testamentary disposition; and to that effect he executed the following: * * *

"Fifth: He says that he leaves all his possessions to his wife, Mrs. Filiberta Ronquillo and to his daughter, Ponciana Armendariz y Padilla, in equal shares and to his nephews Cecilio Cadena and Silverio Escontrias, these also residents of Socorro.

"Sixth: That this his disposition, he wants it to be subject to the law of the United States of the North. * * *

"Eighth: That he appoints as his administrator his nephew Cecilio Cadena and as second administrator, Mr. Mariano Sierra to whom he legates and gives absolutely all the powers and faculties that the law of the United States of the North gives them, that they may be able to initiate the necessary probating proceedings and to form inventories until they may place in legal possession of his estate each one of the heirs, for which he authorizes them completely. This he executed and did not sign because he was not able to do so. The witnesses signing together with the notary that authorized this instrument, all of which I hereby certify. M. Guemes. Juan Anto. Acosta. Nicardo Palacios. Juan Arreola. Miguel Zubia."

The certified copy was attached to the application, and made an exhibit. It was alleged in the application, in substance, among other things, that Juan Armendariz died on the 21st day of August, 1904, in the city of Jiminez, state of Chihuahua, in the republic of Mexico; that he left a will in writing, made by him in the presence of four credible witnesses over the age of 21 years, who attested the same at his request, and in his presence, one of whom signed the same for the testator at his request, and in the presence of the testator, the testator being unable to sign for himself because of extreme illness; that the testator was at the time of sound mind, and understood the nature and effect of his act; that the original will could not be produced in court for probate because, under the laws of the state of Chihuahua, the original will became an archive of the office of the notary public before whom the same was made and certified, and was required to be kept in said office. It is also alleged that said will was good and valid under the laws of the state of Texas, and admissible to probate.

On April 18, 1910, the application for probate was heard in the county court, the contestants' demurrers sustained, and judgment entered denying the probate of the will. Appeal was thereupon made to the Thirty-Fourth district court of El Paso county. In the district court the appellee amended his application to probate the will, and, in addition to the allegations made by him in the county court, he alleged, in substance, among other things: That the will offered for probate was made as an open and public will. That it was dictated by the testator to a notary, one Miguel Zubia, in the presence of four witnesses, Manuel Guemes, Nicardo Palacios, Juan Antonio Acosta, instrumental witnesses, and Juan Arriola, a witness, and Miguel Zubia, who signed both as a witness as well as notary public, and all of whom were male persons over the age of 21 years, who were in the presence of said notary when said will was dictated. The said notary drew the clauses of said will in writing in accordance with the dictation of testator, and read them aloud to the testator, in that the testator might manifest his approval or disapproval thereof, and that, the testator having manifested his approval of the will, and of each clause thereof, as the same was written, and being physically unable to sign the same, the fourth witness, Juan Arriola, having witnessed the making of said will, and because of said dis-

ability, and in the presence of the testator, and in the presence of each of the other witnesses and of said notary, signed said instrument for said testator. That each of the witnesses, at the request of the notary and of the testator, and in the presence of the testator and the notary, and of each other, signed said will, all of which was duly certified by said notary; and that same was duly made a record of the office of such notary, all of which was in compliance with the laws of the state of Texas.

The proponent further alleged: That he obtained a certified copy of the will of Juan Armendariz, deceased, from Filiberta Armendariz, the widow, within less than a month after the death of the said Juan Armendariz, and immediately placed the same in the hands of his attorney, F. E. Hunter, trusting the said Hunter to proceed to have the will probated. That the said Hunter was at the time attorney for Filiberta R. de Armendariz, the widow, who was interested in and opposing the probate of the will. That said Hunter advised proponent that the will could not under the law be probated, and declined to proceed with the probate of same. That, relying upon the correctness of this advice, proponent made no further effort to have the will probated until 1909. That thereafter Mrs. Armendariz, the widow, verbally agreed with the proponent that the estate should be divided between them in the proportion of one-third to proponent, instead of in the proportion in which it was devised to him by the terms of the will, except as to certain property, known as the Hueco Tanks ranch, of which it was agreed that proponent should have a one-fourth interest. Thereupon proponent made application for letters of administration at the request of the said Filiberta R. de Armendariz, the surviving widow, and he was duly appointed. He managed said estate as administrator, and that said estate was closed, and proponent was duly discharged as administrator, but without commission or compensation for his services as administrator. That the widow, Filiberta R. de Armendariz, and Ponciana Armendariz, the surviving daughter, until the spring of 1909, respected the verbal agreement to divide the property and did divide with proponent the proceeds of the sales of the property belonging to the estate, and that proponent resided upon the land of the estate in joint possession with Filiberta Armendariz, the widow, and Ponciana Armendariz, the surviving daughter. That the widow owned one-half of the said estate as community property, same having been acquired during her marriage, and that she and Ponciana Armendariz were the sole heirs at law of Juan Armendariz. That during the spring of 1909 Filiberta and Ponciana Armendariz repudiated the verbal agreement made with the proponent to divide the estate, and refused thereafter further to carry the same out. That thereafter proponent con-

sulted another attorney and was advised in the spring of 1909 that the will was valid, and on February 16, 1910, instituted proceedings to probate said will. In August, 1909, he filed suit to enforce his rights under a certain partnership agreement entered into between him and the said Juan Armendariz during the latter's lifetime. That, when he called upon said Hunter for the copy of the will, said Hunter reported that he could not find same. That proponent, having learned that Miguel Zubia, the notary, who had the original of the will in the archive of his office, had moved his residence from Jiminez, and had left his notarial records with his successors, sought by correspondence to ascertain the name and whereabouts of such successor, but was unable to do so until on or about the 7th day of February, 1910, when proponent's attorney went to the city of Jiminez and learned that the records were kept in the archives of notaries public at the city of Chihuahua; and thereupon he procured a copy of said will. That proponent was ignorant of the laws of the republic of Mexico, and of the laws of the state of Texas, and relied upon the advice of said Hunter, and not until the spring of 1909, when his counsel, F. G. Morris, advised him that the said alleged will was valid, did he know that said will was a valid will, and could be probated. That, on the advice of his attorneys, he instituted suit in the Forty-First district court of El Paso county to recover his one-third interest in the estate of Juan Armendariz, the deceased, against Filiberta Armendariz, the widow, and Ponciana Armendariz, the surviving daughter, in accordance with the verbal agreement aforesaid, and to recover a one-third interest in the estate of Armendariz, deceased, under said contract of partnership which he alleged he had with said Juan Armendariz during the lifetime of the said Armendariz, as above stated. That said last suit was prosecuted against the said Filiberta and Ponciana Armendariz, and they pleaded that, if said contracts were made, they were unenforceable in law, in that they were not in writing. That, upon the conclusion of the trial in the Forty-First district court of El Paso county, the judge thereof announced that he had decided to instruct the jury peremptorily to return a verdict for the said Filiberta and Ponciana Armendariz, on the ground that said contract, if made, was not in writing; whereupon proponent took a nonsuit in said cause, and Filiberta and Ponciana Armendariz recovered on their cross-action a judgment for the real property of the said estate.

On the same day the contestants filed their answer, pleading general and special demurrers, general denial, and other defenses which, for the purposes of this opinion, are unnecessary to set out. The trial court overruled the general and special exceptions, submitting the cause to the jury upon special issues. Upon the findings of the jury judg-

ment was entered for appellee, and contestants appeal to this court.

By proper assignments of error and propositions, appellants complain of the action of the trial court in overruling the general and special demurrers.

[1] The requirements of a written will, as provided for in article 5335, Rev. Civ. Stat. 1895, are as follows: "Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator."

From the instrument sought to be probated, it is apparent that the testator did not sign the same, nor does it appear that some other person signed the testator's name for him. It is also apparent that the only parties signing the instrument did so as witnesses. We are of the opinion that the instrument was not executed in compliance with the requirements of the statute quoted, and therefore not entitled to probate. Appellee contends, however, that the requirements of the statute are satisfied as well where some other person signed his own name for that of the testator as when he signed the testator's name, and in the instant case he alleges that Juan Arreola signed his name to the instrument for that of the testator. We do not agree with the appellee in this contention. The wording of the statute is not as explicit as it should be; but, when it is read as a whole for the purpose of ascertaining the true meaning and intention of the lawmaking body enacting it, there can be but one conclusion, and that is, the name of the testator is required by statute to be signed to the instrument to make it a valid will. The instrument must show that the testator signed it, and this is true even where it is signed by some other person for him. The will should be signed in such a manner as to make it manifest from its face that the name signed was intended as the signature of the testator. From this instrument, it appears that Juan Arreola signed as a witness, and to permit evidence to be introduced that Juan Arreola's name was signed for that of the testator would be doing that which is expressly prohibited by the statute.

[2] There is another reason why the instrument should not have been admitted to probate. It is alleged that the testator died August 21, 1904. The record discloses that the will was not offered for probate until February 16, 1910, showing a lapse of time of nearly 5½ years. Article 1881 of the Revised Civil Statutes of 1895 provides that: "No will shall be admitted to probate after the lapse of four years from the death of the testator, unless it be shown by proof that

the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid, and in no case shall letters testamentary be issued where a will is admitted to probate after the lapse of four years from the death of the testator."

Proponent seeks by allegations to excuse his default in not making application to probate the will within the time prescribed by the statute. In our opinion, his excuse for not making application within time is insufficient. It appears that he was advised of the contents of the instrument within a month after the death of the testator, and that he waived the provisions of the will in favor of a verbal agreement which he entered into with the other beneficiaries thereunder. In accordance with the verbal agreement, the estate was administered upon; he being appointed the administrator. Because the other parties to the agreement refused to carry out its terms is not a sufficient excuse under the statute to avoid this delay. We will not attempt to enumerate reasons why an application for the probate of a will should be made within the time as prescribed by the statute. It is enough to say that sound public policy demands that wills be expeditiously probated. One of the reasons, no doubt, was to prevent the estate from being otherwise administered upon, as was done in the instant case. Besides, title to the estate should be vested in those entitled to receive it, free from the complications which such delays often cause.

For the reasons indicated, we are of the opinion that the trial court erred in not sustaining the demurrers. From what has been said in disposing of the demurrers, and it appearing from the pleadings no amendment could be made which would authorize the instrument to be probated as a will, it therefore becomes the duty of this court to reverse the judgment of the district court, and to here render judgment for appellants; and it is so ordered. The reasons assigned for the disposition of this cause render it unnecessary that the other assignments of error be passed upon.

Reversed and rendered.

### On Rehearing.

Appellee contends that it was immaterial that Armendariz sign his name to the instrument, since his name was written thereon, and was therefore adopted and approved by him as his will.

The instrument in question apparently is in the form of a certificate by a notary public, from the face of which it is manifest that Armendariz did not sign the same, nor did any other person sign it for him. Although the name appears in the body of the instrument, still it does not appear that it was written with the intention and purpose that it should be or was the signature of Armendariz to said instrument; the only per-

sons apparently signing said instrument being the notary and four witnesses.

Article 5335 of the Revised Civil Statutes of 1895, prescribing the requirements of a written will, are quite similar to section 127c23, Compiled Statutes of Nebraska. The latter statute is as follows: "No will made within this state, except such nuncupative wills as are mentioned in the following section, shall be effectual to pass any estate, whether real or personal, nor to charge, or in any way affect the same, unless it be in writing, and signed by the testator, or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses," etc.

The Supreme Court of Nebraska, construing their statute in the case of Murry v. Hennessey, 48 Neb. 608, 67 N. W. 470, says: "Thus it will be observed that the Legislature in unequivocal language has made it imperative that a will, other than a nuncupative, when not signed by the testator himself, must, in addition to other requirements, be signed by some person in his presence, and by his express direction, or the instrument will be invalid. Mere knowledge of the testator that his name is being signed by another, or that the signing was acquiesced in or assented to by the testator, will not be sufficient. The statute exacts more than this. It requires that the signing of a will by another must be done in pursuance of the previously expressed direction of the testator. The statute is meaningless, if this is not its scope and purpose. The same construction has been placed upon similar statutes in other states. Wait v. Frisbie, 45 Minn. 361, 47 N. W. 1069; Greenough v. Greenough, 11 Pa. 489 [51 Am. Dec. 567]; Asay v. Hoover [5 Pa. 21], 45 Am. Dec. 714; Grabill v. Barr [5 Pa. 441], 47 Am. Dec. 420; Snyder v. Bull, 17 Pa. 60."

We are of the opinion that the instrument in question does not comply with the mandatory requirements of our statute, which provides that the will "shall be in writing and signed by the testator, or by some other person by his direction and in his presence." The authorities cited by appellee, viz.: Newton v. Emmerson & Talcutt Co., 66 Tex. 145, 18 S. W. 348; Lawson v. Dawson, 21 Tex. Civ. App. 361, 53 S. W. 64; Armstrong Executors v. Armstrong Heirs, 29 Ala. 538; Gardener v. Gardener, 5 Cush. (Mass.) 483, 52 Am. Dec. 740—in our opinion, do not support appellee's contention. The motion for rehearing is therefore overruled.