### POSS v. KUHLMANN. (No. 6353.)

(Court of Civil Appeals of Texas. San Antonio. March 10, 1920. On Motion for Rehearing, June 16, 1920.)

**Wills &#x2312;130—Application for probate held to show a valid holographic will.**

An instrument, signed and dated, and in terms: "To Mrs. Eugenia Poss auto and $5,-000," is shown by application for probate to be a valid holographic will; application alleging the instrument was wholly in the handwriting of deceased, made just before his death, and accompanied by his statement that he intended it as a gift to P., and that the auto and money described therein should be given to P. after his death, it being capable of being relieved of ambiguity by parol evidence.

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Application by Mrs. Eugenia Poss to probate a will, opposed by P. Kuhlmann, admin-

istrator. Application dismissed, and applicant appeals. Reversed and remanded.

W. A. Wurzbach, of San Antonio, for appellant.

Davis & Long and H. B. Cline, all of San Antonio, and F. W. Schweppe, of Boerne, for appellee.

COBBS, J. This is an application to probate a will as the last will and testament of Wm. Kuhlmann, deceased. Appellant alleged in her application:

"That William Kuhlmann departed this life on the 18th day of December, A. D. 1918, leaving real and personal property of the estimated value of $30,000. That said William Kuhlmann, deceased, resided at the time of his death in Kendall county, state of Texas. That on the 17th day of December, A. D. 1918, the said William Kuhlmann made the following writing, which is wholly in the handwriting of said William Kuhlmann as follows, to wit: 'Dec 17 To Mrs. Eugenia Poss auto and $5,000 Dollars Wm. Kuhlmann 1918.' That said writing was intended by the said William Kuhlmann as his last will and testament, that he made the same about 12 hours before his death, and that a short time thereafter, and before his death, which occurred about 11:30 a. m. on December 18, 1918, he declared that he intended the same as a gift to the said Mrs. Eugenia Poss, and that the said auto and $5,000 described in said writing should be given to the said Mrs. Eugenia Poss after his death, and that your petitioner believes, and therefore alleges, the writing to be the last will and testament of said deceased, and which is herewith filed."

Phillip Kuhlmann, as the administrator of said estate, appeared, filed exceptions to the application to probate the same as the last will and testament of said decedent, and filed an answer, contesting the same. The court, after hearing argument, sustained a general exception thereto, and, appellant refusing to amend, the same was dismissed at his cost, from which action of the court in dismissing the application appellant appealed to this court.

The ruling of the court is alleged to be erroneous, and is challenged by proper assignments presented here. This was claimed to be a will written wholly in the handwriting of the testator, as provided by our statute. The demurrer, of course, admitted the allegations of the pleader, but challenged the statement as sufficient to show a valid will. Appellee cites the case of Adams v. Maris, 213 S. W. 623, in support of his contention. He cites no other case, and wholly relies on it. This opinion is delivered by the Commission of Appeals, on reversing and rendering in part, and in affirming in part, the judgment of the Court of Civil Appeals of the Seventh District, reported in 166 S. W. 475.

The language of the instrument itself is

very obscure to evidence a gift or devise or when to take effect. The instrument bears date the 17th day of December, 1918, and the application to probate alleges the death as of 18th day of December, 1918. It further alleges he made the same about 12 hours before his death, and that a short time thereafter and before his death, which occurred about 11:30 a. m. on December 18, 1918, he declared that he intended the same as a gift to the said Mrs. Eugenia Poss, and that the said auto and $5,000, described in said writing, should be given to the said Mrs. Eugenia Poss after his death. The statute prescribes the allegations necessary to be made in an application to probate a will. Article 3251; Bradshaw v. Roberts, 52 S. W. 574. And article 3271 prescribes facts which must be proven before admitting to probate. It is the duty of the court to require all facts to be drawn out upon the execution of a paper offered for probate. Hopf v. State, 72 Tex. 281, 10 S. W. 589.

It is important, in passing on the ruling of the court on the demurrers to the application as a whole, to ascertain the meaning, as far as possible, of the testator, to develop all the facts bearing on the question. Hopf v. State, supra. This is necessary to discover his intention. In Winfree v. Winfree, 139 S. W. p. 41, the court says:

"In the case of Hawes v. Foote, 64 Tex. 22, our Supreme Court says: 'Liberal allowance is made in construing wills to mere casualties or ignorance or awkwardness in the use of words in their exact sense and in the structure of sentences, for the purpose of attaining the paramount object—the real intention of the testator. The law will not allow the testator's intention to be defeated because he has not clothed his ideas in technical language.' * * * When the meaning of the words used in a will is ambiguous, the court, in order to arrive at the intention of the testator, must be put as near as may be in his environment, 'stand in his shoes, and look with his perspective through his eyes,' and to enable the court to do this parol evidence of the conditions and circumstances surrounding the parties and the execution of the instrument is always admissible. Peet v. Railway Co., 70 Tex. 527, 8 S. W. 203; Weller v. Weller, 22 Tex. Civ. App. 247, 54 S. W. 652; Clark v. Cattron, 23 Tex. Civ. App. 51, 56 S. W. 100."

See Hunting v. Jones, 183 S. W. 860; Heidenheimer v. Bauman, 84 Tex. 182, 19 S. W. 382, 31 Am. St. Rep. 29.

Taking into consideration that this instrument was wholly in the handwriting of the testator, immediately preceding his death, and the further fact that on his deathbed he declared he intended it as a gift, is a strong circumstance to be taken into consideration in support of its validity. Lawson et al. v. Estate of J. P. Dawson, 21 Tex. Civ. App. 361, 53 S. W. 64.

The main question that can be raised against the instrument as a will is its am-

biguity. It is admitted by the demurrer to be in the handwriting of the testator and bears his true signature, made shortly before his death, accompanied by a statement as to what he desired done with it. That statement relieves it of part of its ambiguity and shows his intent. This will does not from the pleading evidence an intention to make a gift inter vivos, for it was not consummated by delivery, but the facts evidence an intention to make a gift to take effect after his death. In such a case parol evidence is admissible. In Adams v. Maris, 213 S. W. 626, 627, the court has this to say:

"The words are not ambiguous to the extent that they are unmeaning, or inconsistent with themselves to the extent that parol evidence is not admissible to aid in making clear what they mean. Ferguson v. Ferguson, supra; Cyc. vol. 17, pp. 680–682; Jones on Evidence, § 473; Meyers v. Maverick, 28 S. W. 716; Page on Wills, 998; Schouler on Wills, § 581; Gardner on Wills, 388. The courts are reluctant to declare wills, as well as contracts, void for uncertainty. They have in cases in which no question of fraud arises resorted to 'every shift,' rather than declare the gift void for such reason. Doe ex dem. Winter v. Parratt, 6 Man. & G. 362. While doubtless not a wise policy to go to such extreme to effectuate an uncertain intention, it is safe to follow the rule announced in Jones on Evidence, that 'it is only when the instrument is unintelligible or uncertain after the extrinsic evidence as to the situation of the parties and the surrounding circumstances have been received, that a true patent ambiguity is established.' Jones on Evidence, vol. 1, § 474."

We believe the court erred in sustaining a general exception to appellant's application, and reverse the judgment of the court, and remand the cause for a new trial.

### On Motion for Rehearing.

The application for probate of the instrument sufficiently alleges that the very instrument copied in the petition was intended by Kuhlmann as his last will and testament. The general demurrer and so-called special exceptions, which were also general demurrers, were sustained on the theory that the instrument declared on must on its face contain words evidencing a gift of some kind. In support of the contention the case of Smith v. Smith, 112 Va. 205, 70 S. E. 491, 33 L. R. A. (N. S.) 1018, is specially relied on, and some cases are cited which are not available. We do not regard said case of Smith v. Smith as sustaining the contention made. The expressions particularly relied on were made in view of the facts of that particular case, and when the opinion is considered as a whole, it appears that the court was of the opinion that the language, "Everything is Lou's," could be shown to be a will if the facts and circumstances surrounding the execution thereof showed that such instrument was intended as a will, but that evidence of

expressions of an intention to make that kind of a will having no reference to the particular instrument would not be sufficient to entitle the instrument to be admitted to probate. We call attention to the court's quotation from Jarmon on Wills, and to the discussion of the attending circumstances, all of which we believe show that the opinion sustains our holding in this case.

We conclude that the motion for rehearing should be overruled.