In re DROMGOOLE'S ESTATE.

No. 10509.

Court of Civil Appeals of Texas. San Antonio.

April 12, 1939.

Rehearing Denied May 10, 1939.

B. F. Patterson, of San Antonio, for appellants.

Chas. T. Haltom, of San Antonio, for appellee.

SMITH, Chief Justice.

The appeal is controlled by the question of whether the following instrument was sufficient to constitute the last will and testament of Orin Dromgoole, deceased:

"April 18, 1934

"My property at 1307 Hays St., car birds and etc. to be devided btween Willie (my brother), Hettie, Sister and Ocie. Store Dromgoole Bros. goes to Charlie, and he will always take care of John. Also the Witchell place of 80 acres. Twenty acres on Medina goes to Willie Dromgoole my Brother. Any other property that I might have or inherit I want devided equally with Ocie Hettie. Sister, Willie and Charlie.

"Signed

"Orin Dromgoole

"Witness:

"Mike Baez
"Juan V. Zarzosa"

Probate of the instrument, as a will, was denied in the County Court, but allowed in the District Court. L. Dromgoole and others have appealed. The trial judge filed no findings of fact. As those findings are not efficiently questioned by appellants we must assume that the instrument was deliberately and properly executed with all the solemnity and formalities of a testament.

Appellants' first proposition is that "An instrument in order to be a will should dispose of all the property the maker possesses and should indicate in some portion of the instrument that same is to take effect at or after the death of the maker."

We are of the opinion the proposition is without merit. The law does not require that wills be written into any particular form or language. It is sufficient if it shows the intention of the testator; that it is not operative, as a conveyance, during the life time of the maker, but only after his death; that it is revocable by him; that it operates to dispose of all his property at his death. 44 Tex.Jur. pp. 542, et seq., §§ 2, 3.

The matter of the construction of the instrument is not involved in this proceeding. The language of the instrument under consideration may be inept, loose, even confusing, but the trial judge found that it was sufficient, when taken in connection with the evidence, to operate as the last will and testament of the decedent, and we cannot say the judge abused his discretion in so finding and holding. 44 Tex. Jur. p. 549, § 8. Appellants' remaining propositions, being supported by no statements from or reference to the record, present nothing for review.

The judgment is affirmed.