In re ESTATE of Ada Bledsoe BROWN,
Deceased.

No. 18264.

Court of Civil Appeals of Texas,
Dallas.

Feb. 21, 1974.

Rehearing Denied March 14, 1974.

John L. McCraw, Jr., McCraw & Vitz, McKinney, for appellant.

J. E. Abernathy, Abernathy & Orr, McKinney, for appellee.

## CLAUDE WILLIAMS, Chief Justice.

This appeal is from a judgment admitting to probate a writing offered as a codicil to the will of Ada B. Brown, deceased. Miss Brown executed a formal and witnessed will in 1965. Following Miss Brown's death in 1970 this will was duly probated by the County Court of Collin County, Texas, without contest. Thereafter Josephine May Benton filed her application in the County Court of Collin County to probate a written instrument as a codicil to Miss Brown's will. The writing tendered as a codicil was a cryptic note written on an envelope. The envelope contained a certificate of deposit dated July 2, 1968, from the First Savings and Loan Association of McKinney, Texas, in the principal sum of $10,000 payable to Ada B. Brown and reciting that the holder thereof would be paid earnings at the rate of five and one-half percent interest per annum. The writing on the envelope was as follows:

This certafice [sic] from
Ada B. Brown—
Goes to Josephine May Benton—

Josephine Brown, a beneficiary under the 1965 will, filed a contest to the probate of the alleged codicil. The County Court ordered the tendered codicil to be probated. Appeal from this judgment was timely made to the District Court.

Trial was had before the court, without a jury. The proponent of the codicil offered in evidence the writing on the envelope, together with its contents. Two witnesses testified that the writing was entirely in the handwriting of Ada B. Brown. Sally Lou Brown Benton, the mother of Josephine May Benton and the other beneficiary under the original will, testified that in July 1968 she took Ada B. Brown to the First Savings and Loan Association in McKinney where she transacted some business. Mrs. Benton testified that at that time she saw the envelope and that Ada B. Brown said to her: "This is for Josephine if anything happens to me, and I don't need it." The witness said that she did not see the envelope again until Miss Brown died in 1970. At that time she gathered up all of Miss Brown's papers which the deceased had given her to keep at the time the deceased went to the hospital, and took these instruments, including the envelope with the writing thereon, to the office of Miss Brown's attorney, Mr. Truett, who is executor under the original will. On cross-examination the witness testified that the envelope, together with its writing, was not attached to the original will in any way; that Mr. Truett had possession of the will in his office.

Based upon this evidence the District Judge decided that the writing tendered was a valid holographic codicil to the 1965 will and decreed that it be admitted to probate. It is from this order that appellant-contestant appeals. No findings of fact or conclusions of law were requested by either party or filed by the trial court.

Appellant-contestant seeks reversal of the trial court's judgment based upon seven points of error. Primarily, she contends that the instrument in question is not testamentary in character and that there is no evidence of testamentary intent on the part of the maker shown in the writing. She further contends that the "extraneous evidence" is immaterial to show the intent of the maker and that even if material is not sufficient to show that the instrument is testamentary in character. In other points she argues that the instrument is not executed with the same formalities as the original will and therefore fails to meet the requirements of a testamentary document. We find no merit in any of appellant's points of error and affirm the judgment of the trial court.

Under the record here presented the trial court is deemed to have found all of the

essential elements of the validity of a will, or a codicil, so that the judgment must be upheld unless there is no evidence of probative force to sustain the trial court's implied findings, or the trial court was wrong in making these findings as a matter of law. Harper v. Meyer, 274 S.W.2d 904 (Tex.Civ.App.—Galveston 1955, writ ref'd. n. r. e.).

The principal question to be resolved is whether the instrument in question is testamentary in character. Ancillary to this question is whether extrinsic evidence may be offered and received by the court in determining the question of testamentary intent.

The right of a person who owns property in this state to give, bequeath or device it to another at his death is purely statutory. Tex.Prob.Code Ann. § 59 (1956) (formerly art. 8283, Revised Civil Statutes) V.A.T.S., provides that every last will and testament, except when otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen years. Section 63 of the Probate Code provides that no will in writing shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same.

■ Our statutes do not define in so many words what form an instrument shall take before it becomes a will. A will is generally defined as an instrument by which a person makes a disposition of his property, to take effect after his death, and which by its own nature is ambulatory and revocable during his lifetime. Utay v. Urbish, 433 S.W.2d 905 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); In re Craft Estate, 358 S.W.2d 732 (Tex.Civ.App.—Amarillo 1962, writ ref'd n. r. e.); Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731 (1955); Harper v. Meyer, 274 S.W.2d 904 (Tex.Civ.App.—Galveston 1955, writ ref'd n. r. e.) and Williams v. Noland, 10 Tex. Civ.App. 629, 32 S.W. 328 (1895, writ ref'd).

If a writing in substance embodies the factors above enumerated the particular phraseology adopted by the draftsman is of no consequence. In Ferguson v. Ferguson, 27 Tex. 339 (1864), the Texas Supreme Court said:

> However irregular it may be in form, or inartificial in expression, it is sufficient if it discloses the intention of the maker respecting the disposition of his property and that it is intended to take effect after his death, and is in its nature ambulatory and revocable during his life.

As stated in Harper v. Meyer:

> Whenever an instrument possesses the characteristics mentioned, but due to incorrect or inartful wording leaves a doubt as to the meaning or intention of the purported testator, courts are authorized to liberally admit and consider evidence extraneous to the instrument itself for the purpose of resolving such doubt. But if the instrument does not possess in some degree the essential characteristics of a will as above defined, sufficient, at least, to give rise to the doubt, extraneous evidence cannot supply that which is otherwise totally lacking.

■ It is established law in Texas that whether there was testamentary intent on the part of the maker is a proper question in a proceeding to probate or in a contest of an application to probate. Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402 (1942, opinion adopted) and cases therein cited. While the actual words utilized by the maker of an instrument are the primary subject of inquiry to resolve the question of testamentary intent the rule quoted from Harper v. Meyer, *supra,* concerning the admissibility of extrinsic evidence to resolve any doubt created by the actual words used seems to be well settled. This rule is but a refinement of the long-

followed principle of Texas law that the extrinsic evidence is inadmissible to supply something necessary in, but totally missing from, the instrument itself. Hunt v. White, 24 Tex. 643, 652 (1860). Careful examination of the rule reveals that it has been applied in cases involving the construction of admittedly valid wills and also in cases, such as that here presented, where the primary question is whether a tendered writing does meet the requirements of the law so as to be said to be a will or codicil.[1]

The principal case illustrating the applicability of the rule which allows a court to receive extrinsic evidence in determining the vital question of whether a tendered instrument is a will or a codicil is Adams v. Maris, 213 S.W. 622 (Tex.Comm'n App. 1919, jdgmt adopted). That case involved the question of whether certain writings on an envelope, together with papers attached or contained therein, constituted the will of Eve Vanlaw. The court, in an exhaustive opinion on the subject of admissibility of the extrinsic evidence to aid in the determination of the intent of the writer of an instrument that would be testamentary, concluded that such document, totally in the handwriting of the writer, was a valid will subject to probate. The particular words of the informal writing in that case were: "Henry, please accept this, you and F. Y. Adams, for the kindness shown me." Attached to this was the promissory note in the sum of $14,000 payable to F. Y. Adams and Henry Boyce. The court pointed out that the instrument was expressive of an intention to make a gift, but as to the time such gift became effective the words were silent and consequently of doubtful and uncertain meaning as to whether the deceased intended thereby to make a present gift or a gift testamentary. The court pointed out that the words used by the writer were capable of expressing either an intention to take a gift *inter vivos* or to make a gift effective upon his death. The court then pointed out that there is an obligation to give effect to the intention which the will properly expounded contains: "Therefore, evidence is admissible which in effect simply explains what is written. The question is, not what the testator intended to write, but the meaning is of the words he wrote." Wigram on Wills, § 53. Then, quoting from Schouler on Wills (5th ed. 1915) § 273, the court said:

Collateral evidence is freely admitted where the instrument itself is silent or equivocal, in order to show whether or not a testamentary disposition was actually intended. The facts of execution and delivery, the declaration of the maker at the time, and all the surrounding circumstances of the transaction, together with the instrument itself, may be considered in such connection.

Citing Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382 (1892), Ferguson v. Ferguson, 27 Tex. 339 (1864) and Williams on Executors, 87, the court concludes that if the writer of the instrument executes a pa-

1. Illustrative of the first class of cases dealing with construction of valid wills is the case of Kennard v. Kennard, 84 S.W.2d 315 (Tex.Civ.App.—Waco 1935, writ dism'd) in which Justice James P. Alexander clearly and unequivocally asserts the rule: "Where the meaning of a will is doubtful, evidence of the circumstances surrounding the testator are admissible so as to put the court as nearly as possible in the same position as was the testator at the time the language was used, for the purpose of enabling the court to read the will in the light of the circumstances under which it was written and thereby discovering the meaning attached by the testator to the words used by him. Such evidence is admissible only for the purpose of explaining the meaning of the language used in the will, for the intent of a testator must be ascertained from the meaning of the words used by him in his will and from those words alone. . . . It is never proper to admit extrinsic evidence as to the direct oral declaration of the testator for the purpose of supplying an intention that is not reasonably and legitimately deducible from or that is contrary to or inconsistent with the language used in the will." *See also* Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 581 (1955); Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145 (1896); Heidenheimer v. Bauman, 84 Tex. 174, 19 S.W. 382 (1892).

per clearly evidencing an intention to make a gift, but using words of doubtful and uncertain import as to whether a present or testamentary gift is intended, and clearly consistent on its face with either intention, parol evidence which in no respect changes, varies or adds to a clear meaning the words used are capable of conveying, is admissible to determine the character of the writing.

In Huffman v. Huffman, 329 S.W.2d 139 (Tex.Civ.App.—Fort Worth 1959), aff'd, 161 Tex. 267, 339 S.W.2d 885 (1960), the question was presented concerning testamentary intent of the writing which on its face was a gift *inter vivos.* Applying the rule concerning the admissibility of extrinsic evidence to discover the real meaning attached to the words used and applying them to the particular facts in the case, the court admitted evidence to the effect that the writer of the instrument made a statement to the effect that the personal property in question was to be given to the donees at once. The surrounding circumstances and this testimony of the writer of the instrument clearly negated the idea that the property was to go to the donees at the death of the writer of the instrument. Accordingly, the court denied the probate. Both the Court of Civil Appeals and the Supreme Court affirmed this action.

In Poss v. Kuhlmann, 222 S.W. 638 (Tex.Civ.App.—San Antonio 1920, no writ) the language of the instrument tendered as a holographic will was very obscure as to whether it intended a gift *inter vivos* or a devise to take effect upon death. The court, citing Adams v. Maris and Ferguson v. Ferguson held that parol evidence was admissible to throw light upon the circumstances surrounding the execution of the instrument in question and to enlighten the court concerning intention to make a gift *inter vivos* or a gift to take effect after death. *Accord* Page v. Barnes, 258 S.W. 264 (Tex.Civ.App.—Waco 1924, writ dism'd).

Applying the rule announced in these cases to the factual situation presented to the trial court we conclude that it was not error for the trial court to receive and consider extrinsic evidence relating to the circumstances which surrounded the preparation of the writing in question as well as declarations on the part of the writer of the instrument wherein she definitely clarified the meaning of the words "from" and "goes to." These words could possibly express the intent of the writer to make a gift *inter vivos* of the certificate. Clearly the statement of the decedent to the effect that she wanted Josephine to have the certificate "if anything happens to me and I don't need it" clearly negates any intention on the part of the writer to give the certificate to Josephine prior to the time that "anything happens to me." The words "if I don't need it" clearly indicate the revocability of the instrument during the lifetime of the writer. The words "goes to" have been held to indicate testamentary intent, i. e., to give property upon death, especially when there are no findings of fact and conclusions of law. In re Dromgoole's Estate, 127 S.W.2d 977, 978 (Tex.Civ.App.—San Antonio 1939, no writ). These words of the writer, when taken in connection with the fact that the writer did not deliver the certificate to Josephine but kept the same in her private papers where it remained until after her death, constitute adequate evidence of testamentary intent to support the trial court's findings and judgment ordering probate of the instrument. Warnken v. Warnken, 104 S.W.2d 935, 937 (Tex.Civ.App.—Austin 1937, writ dism'd).

In her fourth and fifth points of error appellant-contestant argues that the codicil does not meet the requirements of the law in that it was not executed with the same formality as the original will and that it was not signed by the writer. While it is true that Tex.Prob.Code Ann. § 63 (1956) provides that a. prior will may be revoked or changed by the execution of a subsequent codicil "with like formalities"

this does not mean that the subsequent codicil must be entirely as formal as the prior will. Rather, the statute requires that the latter instrument must *also be in accordance with legal requirements.* Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, 247 (1924). An instrument which is totally in the handwriting of the deceased, which includes the signature somewhere in the writing, satisfies the statutory requirements for a holographic codicil. It is not necessary that the signature appear at the bottom or end of the instrument in question. Tex.Prob.Code Ann. §§ 59, 60 (1956); Burton v. Bell, 380 S.W.2d 561, 568 (Tex. 1964) (the will being invalid on another ground); Lawson v. Dawson's Estate, 21 Tex.Civ.App. 361, 53 S.W. 64, 65 (1899, writ ref'd).

All of appellant-contestant's points of error are overruled. The judgment of the trial court is affirmed.

Affirmed.