**Linda Lee CRAVENS, Executrix of Estate of Callie Ann Chick, Deceased, Appellant,**

v.

**Randy CHICK et al., Appellees.**

**No. 17606.**

Court of Civil Appeals of Texas, Fort Worth.

April 18, 1975.

On Rehearing May 30, 1975.

Henry & Hatcher, Jim J. Hatcher and John Atchison, Gainesville, for appellant.

Julian J. Smith, Stark & Barnhart and Richard S. Stark, Gainesville, for appellees.

## OPINION

MASSEY, Chief Justice.

This is an appeal from a judgment rendered in a will case setting aside the order admitting to probate the codicil which, as a part of the "entire will", had been formerly ordered filed. It was Randy Chick et al., who were the plaintiffs seeking to set the same aside, and the defendant was Linda Cravens, Executrix.

In the trial court the judge removed the case from the jury on the theory that there were no issues of fact to be determined, and rendered judgment setting aside the prior order of admission to probate. Defendant Executrix appealed.

We reverse and remand.

Plaintiffs' claim, pursuant to their reliance on the earlier drawn formal will, was that there had been no intent by Executrix that the holographic instrument in form of a codicil constitute an effective legal instrument. It was by the holographic instrument prepared in Testatrix' own handwriting that she purportedly "took away" that which she had granted to the plaintiffs by the instrument earlier drawn.

In passing we note that the earlier drawn will was prepared by attorneys at Fort Smith, Arkansas, and delivered to the deceased in Gainesville, Texas where she executed it. She retained it in her home. So far as the record would reflect the Testatrix never did return to see the Arkansas attorneys, though even after the date of the holographic instrument she visited in the vicinity where their office was located. The later drawn holographic instrument was apparently seen by no one prior to Testatrix' death. It was found after she had died. It was delivered, along with the earlier formal will, to an attorney who in turn tendered both for probate. Upon hearing, the two instruments were admitted to probate as Testatrix' will.

■ In Texas the proponents of the admission of a will to probate must, as a predicate to such entitlement, prove to the satisfaction of the court that the testator executed the same with the formalities and solemnities and under the circumstances required to make the instrument a valid will. 61 Tex.Jur.2d, p. 165, "Wills", Sec. 64, "In general; Burden of proof and presumptions."

■ In construction of a will testamentary intent is the first concern of the court. 61 Tex.Jur.2d, p. 265, "Wills", et seq. under "C. Ascertainment of Intent of Testator". An instrument is not a will unless it is executed with testamentary intent. Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731, 733 (1955). That such be evidenced is essential to reception of the instrument for probate. The law is the same if there be a codicil as a part of the will. There must be evidence of some character, ordinarily to be found in the instrument itself. At the admission stage in probate proceedings no instrument should be admitted which positively fails to evidence dispositive intent. If it does not, parol evidence is not admissible to supply that intent. But if there be ambiguity such may by parol evidence be resolved favorably before it is admitted to probate as a will. In any event it would appear that upon entry of an order admitting of the will to probate, not appealed from, the propriety of the proceedings at such state would not constitute a subject of permissible complaint upon subsequent suit in contest thereof.

■ A codicil in form of a holographic will, not executed according to formalities requisite to other forms of wills, but executed in accordance with legal requirements relative to holographic wills, must be accorded the same credit as would be the case had there been greater formality. In other words a prior will in any form may be revoked or amended by a subsequent holographic codicil. In Re Estate of Brown, 507 S.W.2d 801 (Dallas, Tex.Civ.App., 1974, no writ history).

■ The order of the court decreeing admission of instrument or instruments to probate as the will of a decedent is an appealable order; and as applied to such Notice of Appeal must be given or filed within 10 days. Probate Code, Sec. 28, V.A.T.S., "Right of Appeal"; Texas Rules of Civil Procedure, rule 332, "Notice". (There has been a recent change in the law relative to courts to which appeals in such matters are to be taken. The change may be disre-

garded as applied to the instant case, it having been a case which in all respects is controlled by the law in effect prior thereto.)

Here there was no appeal from the order admitting the will (including the codicil) to probate.

It was almost two years thereafter that suit was filed to set aside that order.

With certain qualifications stated, it is provided by law that *after a will has been admitted to probate an interested person may, within a period of two years after the admission order, institute a suit* to contest the validity thereof and to set the prior order aside. Probate Code, Sec. 93, "Period for Contesting Probate".

Where there is such a suit, and it is such a case which is presented to us, the issues are tried *de novo*. 61 Tex.Jur.2d, p. 493, "Wills", Sec. 336, "Review of probate court proceedings". But that does not mean that the burden of proof is the same. Contrarily, the burden of proof is shifted to the contestant. And until such time as the contestant has, by the decree of the court, been successful in setting it aside, the prior order persists as valid and controlling, with the force of a judgment decree.

Indeed, should the contestant institute a suit to set aside a prior order admitting a will to probate and not offer evidence in support of the grounds on which he seeks adjudication that the will was invalid and inadmissible to probate at the hearing of his contest, the law is that he has proved no cause of action and the prior order which admitted it as the will is not to be set aside. 61 Tex.Jur.2d, p. 470, "Wills", Sec. 320, "Abandonment of right to contest will."

The burden in respect to introduction of evidence on trial was therefore upon the contestants-plaintiffs. The proponents were not obliged to introduce any evidence. Where relied upon by a contestant such matters as testamentary incapacity, undue influence, improper execution, and revoca-

tion must be proved by him. 61 Tex.Jur.2d, p. 481, "Wills", Sec. 330, "Evidence—Presumptions and burden of proof." The same rule of law applies where the contest is on the question of testamentary intent.

At the trial contestants-plaintiffs introduced evidence in support of some, but not all, of the grounds under which they predicated their attack upon the codicil. Their proof was directed toward establishing that the Testatrix did not, by preparation of the purported codicil, intend that it be a true codicil to her earlier will, nor did she intend thereby to effect revocation of any bequest made by her formal will, earlier made.

In order for plaintiffs to prevail by introduction of such evidence it would be required that questions thereby raised be resolved by the jury by special issues upon which plaintiffs would bear the burden of proof. The situation is not one where plaintiffs' right to prevail could be said to have been established as a matter of law. There was no admission of any kind by the proponents.

In this case the codicil was sufficiently ambiguous upon the issue of testamentary intent to justify, even at the earlier admission stage, the consideration of parol evidence. As hereinabove indicated there would be the conclusive presumption in any event that there was not procedural impropriety whereby the will and codicil were initially admitted, that issue being foreclosed where the trial is upon a subsequently filed will contest suit. (It necessarily follows that plaintiffs were privileged to attack it by parol evidence even had it been unambiguous.) That there was testamentary intent is presumed, for purposes of this trial, for there had been prior admission to probate by earlier order of the court. There might have been, pursuant to entry of the order admitting it to probate, extrinsic proof affirmatively showing the Testatrix' *animus testandi*. Anyway a presumption that there had been is not rebuttable, though at the trial of the will contest suit

contestant may prove, if he can, that there was no witness at the *time* of the proceeding or later able to prove Testatrix' *animus testandi*. Thus, under their pleadings, the burden was upon the plaintiffs, as contestants, to raise the issue by their evidence and to obtain a finding by the jury by a preponderance of the evidence that there had not been testamentary intent by Testatrix by the holographic instrument. 21 A.L. R.2d, 319, Annotation: "Admissibility of extrinsic evidence upon issue of testamentary intent"; 57 Am.Jur., p. 580, "Wills", Sec. 874, "—Testamentary Intent".

■ Plaintiffs' evidence raised the issue of the lack of testamentary intent. As contestants they were entitled to have the same resolved by the jury. They were not, however, entitled to have such issue resolved in their favor as a matter of law. Only if the issue were resolvable as a matter of law could the plaintiffs maintain the judgment rendered for them. Therefore the trial court erred in granting the instructed verdict in favor of plaintiffs.

Judgment is reversed and the cause is remanded.

## OPINION ON MOTION FOR REHEARING

Plaintiffs/appellees, who had their judgment reversed, with the cause remanded pursuant to our original opinion in the case, complain because we failed to rule on their cross-point complaining of error by the trial court in the admission of evidence.

Though the evidence had no bearing upon the trial court's action in rendering judgment for them on the former hearing they fear that reoccurrence might result to their prejudice.

In connection with the evidence admitted we believe it wise to take notice that it was not evidence which had been taken by the Probate Court at time of the hearing of the initial application to probate a will; where it should have been committed to writing, subscribed and sworn to in open court and filed by the clerk, except by agreed or compelled order. See Probate Code, Sec. 87, "Testimony to Be Committed to Writing". See also Sec. 89, "Action of Court on Probated Will" where it is provided that where there is compliance with Section 87 the record of such evidence may be introduced upon the trial of the same matter in any other court.

■ Here the evidence admitted was the testimony of a party to the suit who had been a witness on the will contest case filed in the county court long after the will and codicil had been admitted to probate. The admissibility of such testimony would be by general rules uncomplicated by those referred to in the above paragraph. Here the admitted testimony was of a witness who had voluntarily submitted herself to the jurisdiction of the court when she made herself a party; she was not dead; and her failure to appear was not shown to have been the result of any action by a party adverse to her. Furthermore the Statement of Facts from which her testimony was read was never authenticated and constituted hearsay. There was no proper predicate laid for admissibility of any missing witness' prior testimony and, the testimony itself amounting to mere hearsay, there was error in admitting it in any event.

However, plaintiffs are not benefitted in any way on present appeal by our holding on their cross-point.

The motion for rehearing is overruled.