The opinion of the Court was delivered by
RichaRDSON, J.
The Court charged the jury, that there is no particular form required for a will;[1] that whether the paper in question could be considered as the last will of A. Lyles, or not, depended upon his intention. 1 Mod. 117. 2 Ves. sen. 441, 226. Swin. 14. 4 Equity, 611. Phillimore, 1, 9, 10, 11. Cow. 600. 1 Bac. 299, 300. That the intention should appear either from the instrument itself, or from extrinsic testimony, and that it was not indispensable, that the testator should have originally executed it as and for a will, provided he had afterwards adopted it as his will. But as the intrinsic appearance of the instrument by no means proved it to be a will, and it being admitted that the supposed testator had not originally executed it as his will, it would be dangerous to support it as his will, unless it plainly appeared that he had subsequently adopted for a will the same instrument before intended for a different purpose. The jury were further instructed, that they were to decide whether the intention or quo animo, necessary to the character of a will ever existed in the supposed testator, either at the time of execution, or subsequently, and they should be governed by their own opinion of each species of testimony, intrinsic or extrinsic, notwithstanding any impressions of the Court.
It may be observed, that no question being made upon the import or *6341 co^truction of any given clause; *but solely upon the general J character of the instrument, which depended upon the intention. The judge left the conclusion to be drawn, entirely to the jury, assisted by his opinion, plainly expressed upon the general character as apparent upon the face of the instrument.
The jury having decided that it did not constitute the will of A. Lyles, *695 and the Court being satisfied that the verdict was supported by the testimony, the only question remaining, is, whether the judge erred in law ? The position of the judge, that the character originally attached to the instrument, must remain, unless another had been given to it by the maker, is too plain for controversy. Then, as A. Lyles did not intend the instrument in question, originally for his will, and as but very feeble evidence was adduced, if any, that he changed that intention, the conclusion, that the instrument constituted at no time his will, appears to me irresistible.
W. F. De Saussure, for the motion. Gregg, contra.
The motion is, therefore, dismissed.
Colcock, Nott, Gantt and Johnson, JJ., concurred.
See 9 Rich. Eq. 111, and cases cited there; Jaggers and Estis, 2 Strob. Eg.. 303.

 11 Rich. 130.