## READ BROTHERS & CO. v. JOSEPH L. LEVY & CO.

An attachment bond, executed under the 5th, 10th, and 26th sections of the act of 11th March, 1848, to which there is neither scroll nor seal, was rightly quashed on motion, for want of a sufficient bond. (Paschal's Dig., Arts. 143, 148, 163.)

The first section of the common-law act, 20th January, 1840, about conveyances, reads as follows: "The common law of England (so far as it is not inconsistent with the constitution or the acts of congress now in force) shall, together with such acts, be the rule of decision in this Republic, and shall continue in full force until altered or repealed by Congress." (Paschal's Dig., Art. 978, Note 418.) The 1st section of the act of 5th February, 1840, reads as follows: "Any instrument to which the person making the same shall affix a scroll, by way of seal, shall be adjudged and holden to be of the same force and obligation as if it were actually sealed: *Provided,* The person making the same shall, in the body of the instrument, recognize such scroll as having been affixed by way of seal." (Paschal's Dig., Art. 997, Note 420.) Each of these acts took effect on the 16th March, 1840.

On the 11th of March, 1848, the legislature passed the law regulating attachments, the 26th section whereof expressly recognizes scrolls as seals. (Paschal's Dig., Art. 163.)

On 2d February, 1858, the legislature passed the act to dispense with seals in certain cases. It reads as follows: "No scroll or private seal shall be necessary to the validity of any contract, bond, or conveyance, whether respecting real or personal property, except such as are made by corporations; nor shall the addition or omission of a scroll or seal in any way affect the force and effect of the same; and every contract in writing hereafter made shall be held to import a consideration as fully and in the same manner as sealed instruments have heretofore done." (Paschal's Dig., Art. 5087, Note 1114.) The object of this law was to dispense with a mere formality in the execution of a certain class of contracts, (private acts,) not to change the law regulating proceedings in the district courts, which are public acts, not to be repealed by a general law, which might be subject to the constitutional objection of embracing more objects than one. (Paschal's Dig., State Cons., Art. VII, sec. 24, Note 199.)

It is not the province of the court to improve, polish, or refine the laws, but to construe them as they are.

The case of Champlin v. Foster, (29 Tex., 22,) which involved an appeal bond, may be distinguished from this.

ERROR from Victoria. The case was tried before Hon. J. J. HOLT, one of the district judges.

The facts are sufficiently stated in the opinion of the court.

*Glass, Crosland, & Callender*, for plaintiffs in error.—This suit was brought by the plaintiffs in error against the defendants in error, upon a promissory note, and an original attachment was sued out. The defendants moved to quash the attachment for want of a sufficient bond, the only defect alleged being the want of a seal or scroll. The district court held this to be a fatal defect, and quashed the attachment. This ruling of the court is assigned for error by the plaintiffs in error, who rely upon it for the reversal of the judgment in that regard.

Upon this point we think it only necessary to refer the court to the case of Champlin v. Foster, [29 Tex., 22,] from Calhoun county, decided at the present term, in which it was held, after full argument, that no seal or scroll is necessary in statutory or other bonds.

No brief for the defendants in error has been furnished to the *Reporter*.

LINDSAY, J.—The plaintiffs in error instituted their suit against the defendants in error in the district court of Victoria county, upon a promissory note, bearing date the 22d November, 1865, due four months after date, for the sum of $1,085 50. The suit was brought on the 19th day of June, 1866. The petition alleged that the defendants had transferred their property for the purpose of defrauding their creditors, and they would probably thereby lose their debt. The petition was sworn to, and in the affidavit it was averred that a writ of attachment was not sued out for the purpose of injuring the defendants. On the same day a bond was executed by the sureties of the plaintiffs, for the purpose of procuring the issuance of the writ of attachment, which was accordingly done, placed in the hands of

the sheriff, and levied by him upon various articles of merchandise, of which he made due return. At the return term of the district court the attorneys for the defendants entered and filed a motion to quash the writ of attachment for want of a sufficient bond to authorize its issuance. It appears that there was neither seal nor scroll to the bond executed by the sureties, and for this cause the court below sustained the motion and quashed the writ of attachment. The case was then tried, and a final judgment was rendered in favor of the plaintiffs for the amount claimed in their petition. From this judgment they bring the case here by writ of error. The only error assigned in the record is the quashing of the writ of attachment upon the alleged ground of the insufficiency of the bond for want of a seal or scroll.

By an act of the congress of the Republic of Texas, passed January 20, 1840, it was declared, "the common law of England (so far as it is not inconsistent with the constitution or the acts of congress now in force) shall, together with such acts, be the rule of decision in this Republic, and shall continue in full force until altered or repealed by congress." [Paschal's Dig., Art. 978, Note 418.] By an act of the same congress, passed February 5, 1840, it is enacted, among other things, that "any instrument to which the person making the same shall affix a scroll, by way of seal, shall be adjudged and holden to be of the same force and obligation as if it were actually sealed : *Provided*, The person making the same shall, in the body of the instrument, recognize the scroll as having been affixed by way of seal." [Paschal's Dig., Art. 997, Note 420.] Each of these acts was declared to go into operation or to take effect on the same day, to wit, on the 16th day of March, 1840. On the 11th of March, 1848, the legislature of the state of Texas passed the act in reference to attachments, wherein it prescribes a form of bond to be executed in such cases, and in which scrolls, by way of seals, are expressly introduced. (Paschal's Dig., Art. 163.) On the 2d of

February, 1858, the legislature made the following enactment: "No scroll or private seal shall be necessary to the validity of any contract, bond, or conveyance, whether respecting real or personal property, except such as are made by corporations; nor shall the addition or omission of a scroll or seal in any way affect the force and effect of the same; and every contract in writing hereafter made shall be held to import a consideration as fully and in the same manner as sealed instruments have heretofore done." [Paschal's Dig., Art. 5087, Note 1114.]

The question then occurs, does this latter act, of the 2d of February, 1858, repeal article 163 of the act of the 11th day of March, 1848? This court, in the case of Harris v. Cato, 27 Texas, 339, has said, that "the object of this law was to dispense with a mere formality in the execution of a certain class of contracts. And as, by the common law, those instruments, when under seal, imported a consideration, it was provided by the clause of the sentence under consideration that the same effect should be given to them when subsequently executed without a scroll or seal." And in determining the class of cases to which the statute of the 2d of February, 1858, applies, the court, in the case of Wimbish v. Holt, in the same report, page 676, uses this language:

"The act of February 2, 1858, dispensing with the necessity of using scrolls or private seals in executing private contracts, bonds, or conveyances, does not relieve defendants from the obligation of verifying their answers by affidavit. The object and purpose of the act in question was to abolish the common-law rule, by which an instrument, if under seal, imported a consideration, while it would not do so if it were not. We cannot say that it was the intention of the legislature, in the passage of this act, to change the law regulating proceedings in the district court."

It is true these quotations are made from decisions which were rendered by the court to determine the effect of the

statute upon the mode of defense against promissory notes when there was a failure of consideration. But the quotations are made with the view of showing the opinion of the court as to the class of cases to which the statute of 1848 was intended to apply. The opinion of the court obviously was, that it was to private contracts, bonds, or conveyances, and not to public acts, which are required to be performed in judicial proceedings, that this statute was intended to apply, for the court further remarks, in the first case cited, that any other construction "would render the law amenable to the constitutional restriction against embracing in an act of the legislature more than one object, which should be embraced in the title." (Cons., Art. VII, secs. 24, 25.) The common law, then, being in force in this state, or the then Republic, as the rule of decision at the time the act was passed by the congress requiring a scroll or seal, and a legislative construction having been given to the attachment law in prescribing the form of the bond for the obtention [obtaining] of the writ of attachment, we feel that we should be entrenching upon the province of the law-making power to declare this bond valid, and we should, in fact, wholly disregard the constitutional restrictions already adverted to in the opinion quoted. However absurd or futile, or even liable to the charge of being a relic of barbarism the requirement of a scroll or seal may be regarded, it is not our province to improve, to polish, or to refine the laws, but simply to expound them as they are, in applying them to the adjustment of the rights, the duties, and the obligations of the people, subject to their authority. When this is done, our function is performed, and we must leave all reformations in the law to an enlightened public opinion, acting through the legislative branch of the government.

We have been referred to an unpublished opinion of this court, delivered at its last session at this place, in the case of Champlin v. Foster, [29 Tex., 22,] as settling the point now under consideration. The case referred to is that of

an appeal bond without scroll or seal.   And although, in principle, it may seem analogous to the present, yet there is an important point of dissimilarity.   The one is fortified by an express legislative declaration; the other is solely a matter of construction.   We can perceive no reason for disturbing the judgment of the court below.   It is therefore

AFFIRMED.