Bernhard & Co. v. De Forrest & Co.

The act of 1858 dispensing with seals or scrolls to certain written instruments (Paschal's Digest, Article 5087) is applicable to attachment bonds. The rulings to the contrary in Read v. Levi, 30 Texas, 738, and Hart v. Kanady, 33 Texas, 720, are overruled.

ERROR from Marion. Tried below before the Hon. James L. Gray.

The only fact involved in the ruling of this court is that the attachment bond was without seal or scroll. The defendants in error were plaintiffs below. The opinion first rendered in these cases has not reached the reporter; but is obviously of no consequence.

*B. W. Gray* and *Moore & Shelley*, for the plaintiffs in error.

*J. H. Rogers* and *W. L. Robards*, for the defendants in error.

WALKER, J. The cases Nos. 376 and 377 were decided at the last term of the court. We then thought it incumbent upon us to follow the rule as laid down in Read Bros. & Co. *v.* Levi & Co., 30 Texas, 738. We granted a rehearing for the purpose of more mature consideration.

The soundness of this decision has been more than questioned by the ablest members of the profession, and notwithstanding the distinguished ability and legal acumen of the learned judge who prepared the opinion in that case, we have come to the conclusion that attachment bonds should not be excepted from the general scope and meaning of the act of February 2d, 1858.

The language of the act is, " No scroll or private seal shall be " necessary to the validity of any contract, bond, or conveyance, " whether respecting real or personal property, except such as " are made by corporations," &c.

The reasoning upon this statute found in the case of Foster *v.* Champlain & Co., 29 Texas, 22, we think is critical and sound. This case was not thought to be in conflict with the case of Read Bros. & Co. *v.* Levi & Co., by the learned judge who delivered the opinion in the latter case.

We think, however, upon an examination of both cases, that they are in conflict; and that the former case is better sustained by the rules of legal interpretation, and more correctly arrives

at the true intent and meaning of the Legislature in the act of February 2d, 1858.

It is well remarked by Judge Willie, that "every bond must "be made with respect to either real or personal property, and it "is no strained construction to hold that such an one as is now "under consideration can be embraced within the language of "the above statute," to wit, the statute of 1858.

It was reasoned in the case of Read Bros. & Co. v. Levi & Co., that the object of the law was to dispense with a mere formality in the execution of a certain class of contracts (private acts), not to change the law regulating proceedings in the District Courts, which are public acts, not to be repealed by a general law which might be subject to the constitutional objection of embracing more objects than one.

We think it more legitimate to suppose that the Legislature did not intend to make an anomalous and unmeaning exception from the general scope of the law than that they should have intended to preserve an exception in the case of attachment bonds, where no reason in the world ever has been given, or probably ever will be, to support it.

The case of Read Bros. & Co. v. Levi & Co., as before remarked, has not been regarded by the profession as sound law. It has undoubtedly misled some of our ablest practitioners, and we are forced to regard the argument in the case now under consideration against it, as overwhelming; and we therefore not only overrule the case, but overrule our own opinion heretofore rendered in the cases now before us, and affirm the judgment of the District Court.

Affirmed.