## F. J. GASQUET V. COLLINS AND CAMPBELL.

(Case No. 3496.)

1. ATTACHMENT BOND — SEAL.— An attachment bond is not required to be under seal. Bernhard & Co. v. De Forrest & Co., 36 Tex., 519, to that effect, and over-. ruling earlier cases, approved.
2. ATTACHMENT — QUASHING OF — WHEN REVISED IN SUPREME COURT.— The proceeds of attached property being by order of court placed in bank subject to further order, and there being a bill of exceptions to the ruling of the court quashing the attachment, held, that the plaintiff in error was entitled to have the latter ruling revised, and this notwithstanding some contradictory recitals in the record.

ERROR from Johnson. Tried in 1875 before the Hon. F. P. Wood.

*Walton, Green & Hill,* for plaintiff in error.

BONNER, ASSOCIATE JUSTICE.— We will consider the second assigned error only,— that the court erred in sustaining defendant's motion to quash the attachment for want of seals to the attachment bond.

Although the earlier decisions of this court held otherwise, yet, under the later decisions, there is no question but that the court erred in sustaining the motion to quash. Bernhard v. De Forrest, 36 Tex., 518.

For this error the judgment must be reversed, if the point was so reserved that we can consider it.

On August 12, 1871, the plaintiff, to cure the supposed defect of want of seals to the bond, filed motion to amend by affixing the same thereto, which motion was, on August 31st thereafter, over-ruled, to which he excepted and obtained his bill of exceptions.

No formal exception is contained in the order of the court of September 1, 1871, sustaining the motion to quash the attachment, but on the same day the court appointed a receiver to take posses-sion of the attached goods and sell the same, because perishable, and deposit the proceeds in bank, to abide the further order of the court. The ordinary legal effect of the judgment quashing the at-tachment would be to require that the goods be redelivered to the defendant in attachment, and the above order, which does not appear to have been revoked, could have been properly made only on the presumption that exception was taken to the action of the court sustaining the motion to quash, and that the point was re-served for final appeal. In support of this, we find in the record a bill of exceptions, to the effect that the plaintiff had, at the August term, 1871, excepted to the ruling of the court sustaining the motion

to quash, but that as there did not appear in the record a bill of exceptions, one was then presented, now for then, showing that he had so excepted. This bill of exceptions was dated December 31, 1875, and was signed by the judge presiding.

It is true that we also find in the record, and immediately preceding the above bill of exceptions, an order of the court to the effect that a motion to sign this bill of exceptions was overruled. But, taking the record as a whole, we are of opinion that it sufficiently appears that the erroneous order of the court sustaining the motion to quash the attachment was objected to. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 16, 1882.]