**Mrs. Ada JACKSON, Appellant,**

**v.**

**Felix (Buddy) EVANS et al., Appellees.**

No. 15828.

Court of Civil Appeals of Texas.

Fort Worth.

June 14, 1957.

Rehearing Denied Sept. 20, 1957.

T. Young Collins, Fort Worth, for appellant.

H. J. Loe and Crocker & McDonald and Toy Crocker, Fort Worth, for appellees.

RENFRO, Justice.

Suit was brought by the Administrator of the estate of Alice Johnson Robitaille for construction of a holographic will and for declaratory right. Named as defendants were Mrs. Ada Jackson, assignee and grantee of Fabian John Robitaille, Mrs. Julia Kromberg Johnson and Charles Herman Johnson, who will be referred to as appellant; Felix Evans, Walter E. Smith and M. T. (Pete) Smith, who will be called appellees; and Mr. and Mrs. J. M. Thornton, who will be called by name.

Mrs. Robitaille died June 2, 1953, leaving a handwritten instrument dated November

1, 1952, which was probated as her will on December 27, 1955. Fabian John Robitaille and Charles Herman Johnson were named as beneficiaries in the will. All their rights were acquired by appellant and they are not parties to this appeal.

Charles Herman Johnson was alleged to be the son of Robert Charles Johnson and Julia Kromberg Johnson.

Prior to her marriage to Robitaille, testatrix Mrs. Robitaille had been married to Robert Charles Johnson for more than twenty years, and had accumulated practically all of the property mentioned in the will during such marriage. Johnson predeceased testatrix and by will duly probated left her all of his estate. The administrator claimed that Mrs. Julia Kromberg Johnson's marriage to Johnson had not been dissolved prior to Johnson's marriage to testatrix, and that Julia Kromberg Johnson, therefore, was entitled to one-half of the interest Johnson purported to will to testatrix. Julia Kromberg Johnson assigned her claim to appellant and is not a party to the appeal. Evans and the two Smiths were alleged by the administrator to be the sole heirs at law of testatrix.

The court found a one-fourth interest in the Rendon 90 acre farm was vested in Julia Kromberg Johnson; that the Thorntons were entitled to a life estate in the farm; that testatrix died intestate as to the "remainder" of the farm; that upon the death of the Thorntons the remainder passed under the laws of descent and distribution, three-eighths to the surviving husband, Fabian John Robitaille, whose interest had been acquired by appellant; and three-eighths to the surviving heirs at law of testatrix; that by use of the word "heirs" in the will the testatrix meant "beneficiaries" named in the will; that in using the term "deeded" to Charles Herman Johnson it was the intention of testatrix that immediately upon her demise title to certain lands described in the will vested immediately in such beneficiary. The court further found that Julia Kromberg Johnson was the legal surviving wife of Robert Charles Johnson and as such was entitled to an undivided one-fourth interest in all the land involved.

The appellant contends the court erred in holding that testatrix died intestate as to the 90 acre farm, but should have construed the will to show an intention that the remainder was to pass in fee to her surviving husband Robitaille.

The appellees contend, by counter-point, the court erred in holding that testatrix died intestate as to the farm, but should have held that the remainder vested in testatrix' heirs at law. By point of error appellees contend the court, in effect, wrote a new will.

It is apparent from a study of the will she intended to create a trust. In the second paragraph (paragraph numbers are our own), she provided that her real estate and notes were to be in trust at Fort Worth National Bank, to pay off debts, obligations, taxes and insurance. The first sentence of paragraph five read: "My real estate and properties to remain in estate—until my obligations have been fully satisfied". Paragraph 13 described a debt due the Fort Worth National Bank. In paragraph 14 she wrote, "When my rentals has been paid in to the Bank * * * When my outstanding debts & obligations have been fully paid & satisfied—I will have deposited a sum of money in Trust for my husband". In paragraph 15, after describing certain property, she directed that rentals and revenues be deposited in her account at the same Bank. In paragraph 16 she again referred to a trust for her husband, to be invested in property the Bank would approve. In paragraph 17 she desired the Bank to appoint her husband to collect rents, etc.

In paragraphs 6, 7, 8, 9, 10, 12, 13 and 15 the property belonging to testatrix was described and her income and indebtedness were set out in detail.

█ █ It is our opinion the language used by testatrix was sufficient to show she wanted her property held in trust at the

Bank, probably by the Bank as trustee or executor, until all debts had been paid and all obligations had been met before final distribution was made in accordance with her will. To justify a conclusion that she intended to create a trust, technical words need not be used in the will. It is sufficient if it reasonably appears clear from the entire instrument construed that such was her intention. Adams v. Williams, 112 Tex. 469, 248 S.W. 673.

Having determined her intent that her estate be held in trust, we proceed to the disposing sections of her will.

In paragraph 3 she provided that her surviving husband could live in her homeplace as long as he remained unmarried. She gave him $2,000 life insurance money and a Plymouth car. In paragraph 10 she provided that, *after* the indebtedness on lot 3, Dickinsons Subdivision, had been paid, the lot would be individually owned by him.

In paragraphs 7 and 8 she described certain businesses situated on lots 6, 7, 8 and 2. Then in paragraph 15 she provided the Clinic and her interest in the stores described above "will be deeded" to Charles Herman Johnson of 520 Main Street, Milford, Ohio. The words of bequest to both Robitaille and Charles Herman Johnson were sufficient to show she intended for them to receive the described property. The law does not require that a will assume any particular form or be couched in language which is technically appropriate to its testamentary character. Ferguson v. Ferguson, 27 Tex. 339.

In using the words in the bequest to Robitaille that the lot (3) "would be individually owned by him" and in using the words "will be deeded" to Charles Herman Johnson, testatrix intended that the property would be vested in them upon her death.

In paragraph 4 the testatrix provided: "The Farm at Rendon is given to Mr & Mrs J. M. Thornton * * * for the duration of their natural life time" provided Thornton would sell off cattle to pay the Federal Land Bank on a loan. We agree with the trial court that the Thorntons were given a life estate by the terms of the will.

Paragraph 5 provided as follows: "My real estate and properties to remain in estate—until my obligations have been fully satisfied Then it will be given to my heirs".

In a strict and technical sense the term "heirs" denotes the persons who would be entitled to succeed to the property of a deceased if he had died intestate, by virtue of the statute relative to succession to and distribution of estates of deceased persons. In the interpretation of wills this meaning is the one usually followed unless it clearly appears from the contents of the will that the testator intended to use the term in a different sense. 44 Tex.Jur., p. 794, sec. 226. In the will before us we find nothing to indicate testatrix used the word "heirs" in any other than in its ordinary meaning. She intended by the words used for her property to go to her heirs at law when all of her obligations had been satisfied.

The intention of the testator is to be discovered by reading and considering the entire will from its four corners. Lightfoot v. Poindexter, Tex.Civ.App., 199 S.W. 1152; and consideration is given to context and to all parts of the instrument and provisions contained therein, intention being collected from the whole instrument. Foote v. Foote, Tex.Civ.App., 76 S.W.2d 194.

Testatrix made a specific gift of a car, life insurance proceeds and lot 3 to her surviving husband. She made a specific gift to Charles Herman Johnson of lot 2 and of her undivided one-half interest in lots 6, 7 and 8. A Mrs. Vaught owns the other undivided one-half interest in lots 6, 7 and 8, and her interest is not involved

herein. Testatrix gave a life estate in the Rendon farm to the Thortons.

■ The rule is that the court will avoid a construction which will render a particular provision inconsistent with the instrument as a whole, or which will render the various provisions contradictory and mutually destructive. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714.

■ It is a well recognized rule in the construction of wills that words or clauses or sentences, or even whole paragraphs, may be transposed to any extent with a view of showing the intention as manifested by the terms of such instrument as a whole, and in some instances words and limitations may be transposed, supplied or rejected in arriving at the real intention of the testator. McClure v. Bailey, Tex.Civ.App., 209 S.W. 2d 671.

When paragraph 5 is transposed to the latter part of the instrument it becomes a residuary clause, and makes clear that she intended for Robitaille and Charles Herman Johnson to have the property specifically bequeathed to them but that all her other property was to go to her heirs, subject to the Thorntons' life estate in the farm.

■ As between two possible constructions, one giving effect to the entire will and the other disregarding or ignoring a part of it, the former will be adopted. 44 Tex.Jur., p. 706, sec. 147.

Our construction gives effect to the entire will and shows a disposition of her entire estate. So construed, the will provides that after her obligations have been satisfied in full, that is, debts paid, money collected, the bequests to Robitaille and Charles Herman Johnson made effective, then all her remaining property was to go to her heirs at law. Hence, we do not agree with the trial court that testatrix died intestate as to a portion of her estate.

■ We also sustain appellees' crosspoint wherein they claim the court erred

in vesting title in Julia Kromberg Johnson in and to a one-fourth interest in the estate of Alice Johnson Robitaille and her deceased husband Johnson. The record shows that Charles Johnson was married to Julia Kromberg in 1914. At some subsequent date, more than twenty years before his death, he was married to testatrix and they lived together as husband and wife until his death. A sister of Charles Johnson, who had not seen him since 1922, was asked if Charles and Julia were ever divorced "that you know of". The witness answered no.

■ The presumption is in favor of the validity of the marriage of Johnson and testatrix. The testimony above failed to negative a dissolution of the Johnson-Kromberg marriage by means of a court action instituted by either Johnson or Julia Kromberg or both. Texas Employers' Insurance Ass'n v. Elder, Tex., 282 S.W.2d 371.

That part of the judgment which declared Julia Kromberg Johnson to be owner of half of the Charles Johnson estate, and that such interest passed by conveyance to appellant, is reversed and judgment rendered that Julia Kromberg Johnson had no interest in the property, and hence none passed from her to appellant by conveyance.

That part of the judgment declaring testatrix died intestate as to the Rendon farm is reversed and judgment rendered that it was the intention of testatrix, and she did, leave said farm to her heirs at law, subject to the life estate of the Thorntons.

The judgment is affirmed wherein appellant was decreed to be the owner, through conveyances from Fabian John Robitaille and Charles Herman Johnson, of lots 2 and 3, and of the interest conveyed by them to her in lots 6, 7 and 8, all in Dickinsons Subdivision.

Reversed and rendered in part. Affirmed in part.