**Louis John SCHOTT et al., Appellants,**

v.

**Jesse OPPENHEIMER et al., Appellees.**

No. 13708.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 23, 1961.

Rehearing Denied March 22, 1961.

Remy & Burns, Henry B. Dielmann, San Antonio, for appellants.

Harry I. Freedman, Dallas, Morris Wise, C. M. Gaines, Herman Glosserman, San Antonio, for appellees.

POPE, Justice.

This is a suit to construe a will. Dr. Morris Schott died in December of 1955 without issue. In March of 1953 he wrote his holographic will wherein he left specific bequests to five persons and institutions, which bequests are not in dispute. The point in the case is whether the testator disposed of his residuary estate and to whom. The plaintiffs, appellants here, are the children of Dr. Schott's half-brother. They claim that Dr. Schott died intestate as to his residuary estate and alternatively that they are "heirs" as that term was used in the will. The trial court, upon an agreed statement of facts, denied these claims and held that Dr. Schott used the term "heirs" non-technically to designate the named legatees. We affirm that judgment.

By the first paragraph, the testator devised and bequeathed all his property to James D. Oppenheimer in trust for the use and purposes stated in the will. The second paragraph directed the trustee to take possession of "all my Estate as promptly as possible and to sell the same

* * *." After all the estate was reduced to cash, "but before any distributions are made amongst the heirs, my wish is that the stone tablet on my mother's grave be renewed or replaced." The next portion of the will was:

"2nd. I direct my said Trustee to pay over and cause to be delivered to the persons hereafter named, the portion of the Estate which I have allotted to them but before any payments are made to them, my wishes regarding my mother's grave shall have been complied with and any debts (if any are found) shall have been complied with and any debts (if any are found) shall have been paid.

"The remaining assets shall be divided amongst the heirs as follows"

There was a two-inch space left at the bottom of the page and the next page listed the legatees and their legacies. He stated that $3,000 "shall be given to Irma Kahn," his deceased wife's niece; $2,000 "shall be donated" to the New York Guild for the Jewish Blind Children; $2,000 "shall be given" to the Lighthouse for the Blind; $2,000 "should be paid over" to Paul Kahn, his wife's nephew; and $2,000 to "Beth El Temple or Community" of San Antonio. He then provided for his own interment and named Mr. Oppenheimer his independent executor.

The testator manifested an intent to dispose of all his property. He authorized his Trustee to reduce his whole estate to cash. Then, and not before, he authorized certain specific bequests, and also provided that "The remaining assets shall be divided amongst the heirs as follows." If he had stated merely that the assets should be divided "amongst the heirs," we may have had a different situation. Jackson v. Evans, Tex.Civ.App., 305 S.W.2d 236. Here, however, the testator, stated that his assets shall be divided amongst the heirs "as follows". Directly following that statement are five specifically named and located persons or institutions. Without this construction, the words "as follows" are meaningless. If, as appellants unsuccessfully contended below, Dr. Schott used the term "heirs" in its technical meaning, they would receive the residue of the estate and not the five named legatees. It is our opinion that the testator intended to dispose of all his estate, and that he used the term "heirs" to mean the persons who received under his will, rather than as legal words of art to mean those persons who are heirs under the Texas statutes of descent and distribution. Bradshaw v. Parkman, Tex.Civ.App., 254 S.W.2d 865, 875; Erwin v. Steele, Tex. Civ.App., 228 S.W.2d 882; Simmons v. O'Connor, Tex.Civ.App., 149 S.W.2d 1107; 44 Tex.Jur., § 226.

The judgment is affirmed.