Felix EVANS et al., Appellants,

v.

Frank R. GRAVES, Administrator, Appellee.

No. 16214.

Court of Civil Appeals of Texas.

Fort Worth.

May 5, 1961.

Rehearing Denied June 9, 1961.

Crocker & McDonald, and Toy Crocker, Fort Worth, for appellant Felix Evans.

H. J. Loe, Forth Worth, for appellants Walter Smith and M. T. (Pete) Smith.

Fannin & Fannin, and Oliver W. Fannin, Jr., Fort Worth, for appellants Pansy Ruth Williams Lloyd and husband.

Wade, Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellee.

BOYD, Justice.

This is an appeal by Felix Evans, Walter E. Smith, M. T. (Pete) Smith, and intervener Pansy Ruth Williams Lloyd, joined by her husband, William Richard Lloyd, from a summary judgment in favor of Frank R. Graves, administrator of the estate of Alice Johnson Robitaille, deceased, and Mrs. Ada Jackson, who claims to be the owner of a portion of said estate. The motion prayed that the intervention be dismissed. All the appellants other than the Lloyds will be referred to as appellants, and the Lloyds will be referred to as intervener.

Appellants contested the final account of the administrator and petition to close the estate in the Probate Court, and appealed to the District Court. Intervener was not then a party to the suit. The summary judgment granted by the District Court recited that "* * * there is no

genuine issue as to any material fact between the parties hereto which is properly before this court in this proceeding, the same being an appeal from an order of the Probate Court in this cause approving the Administrator's final account and ordering the estate closed, and the Court is of the further opinion that it conclusively appears without dispute that none of the contestants of such motion for summary judgment, * * * have any interest in the estate * * * which was administered by the said * * *, Frank R. Graves, and that they are not entitled to contest the final account filed herein or the order closing said estate, and that none of them, * * * could receive any benefit from any action of this Court in reviewing the probate order appealed from, and that they therefore have no standing to prosecute such appeal, * * *." It was decreed that the contestants "take nothing and recover nothing herein," and that the final account be approved and the estate closed.

Alice Johnson Robitaille died June 2, 1953. On June 13, 1953, Frank R. Graves filed an application to be appointed administrator of her estate, alleging that she died intestate. He was appointed and qualified as administrator on June 29, 1953. On June 3, 1955, Charles H. Johnson filed an application to have produced in court for probate an instrument alleged to be the will of Alice Johnson Robitaille in which he claimed to be a devisee, and which will was in the possession of Graves. An instrument was produced by Graves, and on December 27, 1955, it was admitted to probate as the holographic will of the deceased. Graves was appointed and qualified as administrator with the will annexed.

On September 8, 1958, Graves filed a final account and asked that it be approved, the estate closed, and he and his bondsmen be discharged. On January 7, 1959, appellants filed their amended contest of the final account, praying that it be disapproved, that the administrator be removed, that a substitute administrator be appointed; that the administrator be ordered to deliver to the court all records and papers pertaining to the estate, that an auditor be appointed to audit the estate; and in the alternative that Graves be ordered to file a full and complete account, accompanied by proper vouchers. On March 3, 1959, the final account was approved and the estate was ordered closed. Appellants appealed. On October 14, 1959, Mrs. Lloyd intervened in the District Court; and appellants amended, alleging fraud on the part of the administrator in acquiring interests from some heirs and devisees of deceased. This appeal to the District Court resulted in the summary judgment from which the appeal to this court was prosecuted.

On December 27, 1955, Graves filed suit for construction of the will of deceased, and for a declaratory judgment decreeing the interests of the defendants, who are the appellants here, J. M. Thornton and wife, and Mrs. Ada Jackson, who claimed to have purchased the interests of some heirs and devisees.

The will of Alice Johnson Robitaille was construed by this court in Jackson v. Evans, 305 S.W.2d 236, error ref. n. r. e. It was there held that after certain bequests and devises to her husband and her stepson, Charles Herman Johnson, and a life estate in a 90-acre farm to Mr. and Mrs. Thornton, the property of the deceased was to be held in trust until her obligations had been fully satisfied, then "her estate and properties" would go to her "heirs." The word "heirs" was held to mean the persons who would be entitled to succeed to the property had she died intestate. Appellants were her nephews, Evans by the whole blood and the Smiths by the half blood. Her husband, Fabian John Robitaille, survived. She had no children and no other relative. Those who would take by the law of descent and distribution would be her husband and appellants.

After all the debts were paid, Robitaille would be entitled to all the personal property, all the community real estate, and one-half of the separate real estate. The only separate real estate deceased had left after satisfying the devises in her will was the 90-acre farm, with a life estate in the Thorntons. Appellants, therefore, would be entitled only to one-half of the farm, subject to the life estate.

We have concluded that appellants had no such interest in the estate as would warrant them in contesting the final account and the closing of the administration. The debts are paid, and their interest in the farm descended by law to them without any act of the administrator. The farm brought in no rent. No action by the probate court as to the final account could inure to their benefit or detract from their interest. The summary judgment as to the appellants is affirmed.

Intervener is the executrix of and sole beneficiary in the will of F. J. Robitaille, now deceased. She was not a party to the contest of the final account in the County Court, and was not a party to the suit to construe the will and decree the interests of the claimants under the will. Although in the District Court when the appeal from the County Court was tried, she in fact did not ask specifically for any adjudication as to the final account or the closing of the estate, but prayed that the purported deeds from F. J. Robitaille to Mrs. Jackson be set aside; that it be decreed that she is the owner of a one-half interest in lots 2 and 3 and one-fourth interest in lots 6, 7, and 8 of the Dickinson Subdivision, and a one-fourth interest in the farm, all free of any claim of Graves, Mrs. Jackson, or appellants; for judgment against Graves for one-half of the rents collected by him, less amounts paid on debts; for judgment against Graves for any amount appellants might recover against her; and for "such other and further relief to which she may show herself entitled either at law or in equity."

In her reply to the amended motion for summary judgment intervener asked that if the causes of action she asserted should not be determined in this suit, the petition in intervention be not dismissed but that such causes of action be severed.

By affidavit in support of the motion for summary judgment Graves said that by deeds dated August 31, 1954, and November 18, 1954, Mrs. Jackson acquired all the interest of F. J. Robitaille in the estate of deceased; and in her affidavit in support of said motion, Mrs. Jackson said she purchased from F. J. Robitaille his entire interest in said estate. Intervener alleged, what all parties appear to concede, that the deed of August 31, 1954, was a mortgage to secure money borrowed by Robitaille from Mrs. Jackson; and intervener further alleged that she "has reason to believe and does believe" that the instrument of date November 18, 1954, was not executed by Robitaille or by his authority, and that if it was in fact executed by him, it was a mortgage to secure the payment of an indebtedness owed by Robitaille to Mrs. Jackson, which had been fully paid.

■ The November deed appears not to have been introduced. In this situation, the affidavit to the effect that Mrs. Jackson purchased or acquired Robitaille's interest would amount to legal conclusions, which would not support a summary judgment. Besides, both Graves and Mrs. Jackson admitted that the first "deed" was a mortgage; and on September 1, 1954, the day after the first "deed" was executed, Graves, Robitaille, and Mrs. Jackson signed a memorandum agreement stating that Mrs. Jackson held Robitaille's interest in trust as security for loans, and that they "are causing deeds to be made to" her, and that she would, upon repayment, convey "said lands" to Robitaille and Graves or to their order; and that "it is contemplated that in the future Mrs. Ada Jackson may furnish additional funds to purchase other outstanding interests and claims in the estate * * * and that any such funds furnished

by her will bear interest at the rate of 8 per cent per annum and on the same terms as the above described note and will be secured by the deeds heretofore made to her in fee simple, but which deeds are in truth and in fact in trust to secure the payment of the said indebtedness. At the present date F. J. Robitaille is indebted to Mrs. Ada Jackson individually in the sum of $2,500 for money advanced to him at various and sundry times and for which she holds his note, which sum bears interest at the rate of 8 per cent per annum and is secured by the interest of F. J. Robitaille in the lands in the estate of Mrs. Alice Johnson Robitaille as aforesaid." In his answer to request for admissions Graves said that Robitaille had pledged his interest in the estate to Mrs. Jackson as security for funds she had furnished, and that she continued to furnish funds. In his answer to the petition in intervention Graves alleged that the "deed" of November 18, 1954, recited: "This deed is executed as a confirmation of a similar deed made to Mrs. Ada Jackson August 31, 1953, (1954) and is for an additional consideration, receipt of which is hereby acknowledged."

We think the issue was raised as to whether Robitaille conveyed his property or mortgaged it. Before a "take nothing" summary judgment could be rendered against intervener, it would have to be shown that the instrument conveyed the property. We are not satisfied that a "deed" not in evidence, executed to confirm a similar deed which was in fact a mortgage, the last dated instrument coming after additional loans had been made which the parties had agreed were in contemplation, and had agreed that Mrs. Jackson held in trust the "deeds" to secure the payment of the said indebtedness, is as a matter of law proof of a fee simple conveyance.

If the instrument dated November 18, 1954, is not a fee simple conveyance of Robitaille's interest, intervener has an interest in the estate. One may, and often must, show that interest in a probate proceeding, irrespective of whether the probate court can set aside a deed, or grant all of the relief sought. This proposition was explored and thoroughly established in the series of Womble cases, reported in Atkins v. Womble, Tex.Civ.App., 300 S.W.2d 688; Womble v. Atkins, Tex.Civ.App., 314 S.W.2d 150, affirmed Womble v. Atkins, Tex., 331 S.W.2d 294.

█ Jurisdiction is the power of a court to declare the law in a case. It requires as much power to deny recovery as it does to grant recovery. Since intervener asked that she have judgment as prayed for, or that her cause of action be severed, and since Graves and Mrs. Jackson prayed in their motion for summary judgment that the intervention be dismissed, we think the court improperly rendered a take nothing judgment against her.

The summary judgment rendered against appellants Felix Evans, Walter E. Smith, and M. T. (Pete) Smith is affirmed; the summary judgment rendered against intervener Pansy Ruth Williams Lloyd and her husband, William Richard Lloyd, is reversed and remanded.