Rayburn M. HAMILTON et al., Appellants,

v.

Calvin N. CLYDE, Jr., Administrator,
Appellee.

No. 4483.

Court of Civil Appeals of Texas.

Waco.

July 14, 1966.

Rehearing Denied Sept. 1, 1966.

 

H. M. Harrington, Jr., Longview, Robert M. Kennedy, Dallas, for appellants.

Fred Meredith, Terrell, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment denying remaindermen heirs of Ava Elizabeth Cobb Cain, royalty and bonus moneys paid to W. W. Cain, the life tenant, from property leased and from a well drilled, after the vesting of the life estate.

Appellants are heirs at law of testatrix Cain; appellee is the executor of the estate of W. W. Cain.

Appellant Hamilton (an heir of testatrix) filed suit in June, 1962 to construe her will. Such will was in deceased's handwriting and recited:

"This is my last will Mar 1943—

I hereby appoint my husband (W. W. Cain) sole executor of my estate & will. I expressly direct that no bond or security be required & no action taken in probate court other than to prove and record the same and file an inventory and list of claims. *I hereby give and bequeath to my husband for his lifetime all property of every kind wherever situated. Inherited property shall remain intact and revert back to my heirs as designated unless circumstances of need necessitate otherwise.*

\* \* \* \* \* \*

Ava Elizabeth Cobb"

Appellants asserted in the trial court such will should be construed that deceased's husband, W. W. Cain, should have only the "use of the proceeds of oil royalty and bonus money of inherited property and not the corpus of same." Appellant Hamilton asserted that: "revert back to my heirs," meant a "per capita" distribution (after the death of W. W. Cain); the other appellants asserted such meant a "per stirpes" distribution.

Appellee answered that appellants' suit was barred by limitations, laches, stale demand; and by reason of 2 agreements entered into by appellants and W. W. Cain, which agreements appellee contends construe the will that W. W. Cain should have all royalty and bonus proceeds from the "inherited property" during his lifetime.

Trial was to the Court without a jury which entered judgment for appellee, that W. W. Cain was entitled to all royalty and bonus money from the "inherited property" during his lifetime; and that appellants inherited such property "per stirpes" upon the death of W. W. Cain. The trial court found that the 2 agreements appellants made with W. W. Cain interpreted the will that W. W. Cain was to receive all bonus or royalties from testator's separate estate, whether from leases made during her lifetime or after vesting of the life estate; and further that appellants' claims are barred by laches, waiver, equitable estoppel, limitations, payment and satisfaction, and contractual agreement.

Appellants appeal, contending that they as remaindermen were entitled to royalty and bonus receipts paid to W. W. Cain, the life tenant, from property leased and wells drilled, after the vesting of the life estate; and that W. W. Cain was entitled only to "interest" on such moneys during his lifetime. Appellants further contend that they are entitled to 3½% interest on such moneys from the date of the death of Cain. Appellant Hamilton contends the trial court erred in decreeing a "per stirpes" distribution to the remaindermen.

The record reflects testatrix died in November, 1945; that she and her husband had no children; that her heirs are ap-

pellants; that at the time of her death she owned community property with her husband (consisting of the home in Terrell and adjoining rent property, land in Kaufman County, rent houses in Tyler, royalty in Van Zandt County, stocks, bank accounts, savings accounts, war bonds, household furnishings, and an automobile); that she owned as separate property land in Palo Pinto County, certain royalties, Postal Savings, bank account, and notes; and that she owned as separate property ¼ interest in the H. S. Cobb Estate which she inherited from her father and which consisted of oil producing lands in Wood and Smith Counties.

On December 19, 1945 appellants entered into a written agreement with W. W. Cain which provided:

"* * * it is our interpretation of the intention of Ava Elizabeth Cobb Cain as expressed in her will, because of numerous expressions made in her lifetime, that we as designated heirs should inherit from her the undivided interest which she held in the estate of her father, H. S. Cobb, deceased, at the time of her death, after the lapse of the life estate therein which she gave to her said husband; and further that Ava Elizabeth Cobb Cain did not intend, with respect to the community estate of herself and her husband, W. W. Cain, and with respect to her separate property vested and held individually in her name, to leave her said husband a life estate only therein with vested remainderman interest in us; and

"Whereas it is our mutual desire to eliminate any ambiguity in the interpretation of said will, and to clear and vest fee simple title in W. W. Cain of all of the community property of himself and his deceased wife, and all of her separate property held in her own name at the time of her death, SAVE AND EXCEPT the undivided interest and share owned by Ava Elizabeth Cobb Cain in the Estate of H. S. Cobb, de-

ceased, which it is understood shall be held by W. W. Cain for his lifetime only and then revert to us, as the designated remaindermen heirs in said will;

"Now Therefore * * *" (appellants conveyed to W. W. Cain all of their undivided interest by remainderman or otherwise under the will of Ava Elizabeth Cobb Cain, to the Community Property of testatrix and W. W. Cain, and to the separate property of testatrix) * * *save and except only any interest we might have under her said will as remaindermen, after the life estate of W. W. Cain, in her share of the Estate of H. S. Cobb, deceased. * * *"

In April, 1948 appellants and W. W. Cain entered into another written agreement which provided:

"* * * for the purpose of interpretation, construction and agreement for the purpose of clearing and avoiding ambiguity or misunderstanding concerning the terms of said will * * *

"1) That she intended by the words 'inherited property' to refer to her undivided interest in the Estate of H. S. Cobb, deceased, which now remains intact and owned jointly by the heirs of such estate, and such property only; and that her husband W. W. Cain should have a life estate in such undivided interests owned by her at the time of her death, and then such undivided interests of the testatrix in the Estate of H. S. Cobb, deceased, to revert to the * * * remaindermen heirs;

"2) That she intended to vest in fee simple title in her husband W. W. Cain, all of her community property and all of her separate property then held in her name, whether by purchase or gift * * *."

(W. W. Cain then proceeded to make a gift of $21,000 and 151 acres of land to appellants in consideration of his deceased wife's love and affection and in consideration further of appellants' "har-

monious and cooperative agreements and interpretation of said will").

Following the vesting of the life estate in W. W. Cain of his wife's ¼ interest in the Estate of H. S. Cobb, Cain and the remaindermen (who owned by other inheritance undivided interests in the H. S. Cobb estate), executed a new lease on a portion of the Cobb Estate lands; a new well was drilled thereon; and $18,920.52 was received by life tenant Cain therefor as royalty, and $1875 as bonus for execution of lease. (Cain received $60,310 total royalty payments from the death of testatrix until his death, from the ¼ interest in the Cobb Estate lands).

Appellants originally contended they were entitled to all $60,310 received by W. W. Cain from Cobb Estate lands; but abandoned this contention; and here only contend they are entitled to the $18,920.52 and $1875 royalty and. bonus payments made to Cain from the Cobb Estate property, after the vesting of his life estate.

■ Under Texas law, if the property at the time it vests in the life tenant is not under lease and is not producing oil and gas, then the royalty and bonus income derived from a later leasing or later well is corpus of the estate, and belongs to the remaindermen; and the life tenant is only entitled to such interest as he may earn by investment of such moneys during his lifetime. Mitchell v. Mitchell, 151 Tex. 1, 244 S.W.2d 803; Avis v. First Nat. Bank, 141 Tex. 489, 174 S.W.2d 255.

■ Nowhere in the two agreements executed by appellants and W. W. Cain (pertinent portions quoted supra), do appellants waive or convey any of their rights as remaindermen in the ¼ undivided interest testatrix inherited in the estate of her father, H. S. Cobb, deceased. In fact the 1945 agreement specifically exempts from its operation "any interest we might have under said will as remaindermen, after the life estate of W. W. Cain,

in her share in the Estate of H. S. Cobb, deceased."

■ The 1948 agreement confirms the 1945 agreement, and it nowhere contains any waiver of any rights as remaindermen appellants have in testatrix's ¼ interest in the Cobb Estate.

■ But appellee contends that appellants are barred by laches, limitation and by execution of the lease with W. W. Cain. W. W. Cain died in September, 1961; the instant suit was filed in June, 1962. No period of limitations could run in this period. Moreover, until the life tenant died, appellants were not entitled to anything; and since they also had an interest in the subject of the lease, their joinder did not waive any of their rights as remaindermen.

■ We think appellants are entitled, as remaindermen, under the settled law to the $18,920.52 and $1875. items. Since the record reflects such items have been drawing interest at 3½% since the death of W. W. Cain, appellants are also entitled to this sum.

■ Appellant Hamilton complains of the trial court's judgment that distribution to the remaindermen was intended to be "per stirpes," and not "per capita". The trial court was correct. Probate Rule 43, V.A.T.S.; Paul v. Ball, Sup.Ct., 31 Tex. 10; Dubois v. House, Tex.Civ.App., 294 S.W. 935 (Er. Ref.); Jackson v. Evans, Tex.Civ.App., 305 S.W.2d 236 (ref. n. r. e.)

The judgment of the trial court is reversed and judgment rendered for appellants against appellee for $21,164.52 plus 3½% interest from date of death of W. W. Cain. The judgment decreeing a "per stirpes" distribution to appellants is affirmed.

Costs of appeal are assessed against appellee.

Reversed and rendered in part.

Affirmed in part.